**Warren C. GEIL, Respondent/Appellant,**

v.

**Irma Marie GEIL, Appellant/Respondent.**

**Nos. 44663, 44668.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 11, 1983.

Motion for Rehearing/Transfer to Supreme Court Denied Feb. 10, 1983.

Application to Transfer Denied
March 29, 1983.

Ray A. Gerritzen, St. Louis, for appellant/respondent.

W. Ray Raleigh and Jay G. Newquist, St. Louis, for appellant/respondent.

REINHARD, Judge.

Wife appeals and husband cross-appeals from decree of dissolution.

Wife complains about the amount of child support, the amount of maintenance, and the distribution of marital property. Hus-

band appeals from the award of $100.00 per month in maintenance.

Husband petitioned the court for dissolution of the parties' 25-year marriage. At the time of trial, one minor child remained at home. The evidence revealed that husband had a degree in engineering and, at the time of the trial, was earning approximately $39,000.00 annually. Further, he had earned over $30,000.00 per year for at least four years prior to trial. Wife, who had not worked during the marriage, had only a high school degree, and was unemployed at the time of trial. Wife was, however, enrolled in typing and data processing classes in an effort to prepare herself for finding a job. She had, since the parties separated, attempted unsuccessfully to find a job. There was substantial evidence that husband was guilty of serious and blatant marital misconduct.

■ The court granted wife custody of the minor child. Of the marital property, the court awarded wife the marital home valued at $52,500.00, the furnishings, one car, and various items of personal property. The court awarded husband a boat and motor, one car, and the cash value of his life insurance policies. Further, the court found that husband's accrued vacation pay and his savings and investment plan, totalling $26,461.00, were marital property and divided them equally among the parties. The court ordered husband to pay wife her share, $13,230.50, at the rate of $350.00 per month until paid. The original decree provided that husband pay wife $400.00 per month in child support and no maintenance. However, the court retained jurisdiction over the issue of maintenance.[1] The court timely amended the decree raising child support to $500.00 per month. On July 22, 1981, the court again amended the decree to provide that husband pay wife maintenance of $100.00 per month.

■ Initially, we consider wife's complaint about the disposition of marital property. Wife alleges she is entitled to inter-est on the $13,230.50 that husband is paying her in installments of $350.00 per month. In view of the economic circumstances of each spouse and the other provisions of the decree, we find the trial court did not abuse its discretion in not requiring husband to pay interest on the $13,230.50. *See Beckman v. Beckman,* 545 S.W.2d 300, 301–02 (Mo.App.1976). We rule this point against wife.

■ Wife also challenges the amount of child support. Setting the amount of child support is a matter within the sound discretion of the trial court. *Miller v. Miller,* 599 S.W.2d 237, 239 (Mo.App.1980). Wife claimed the child had expenses of over $1,500.00 per month. However, in view of all the evidence, we cannot find the trial court abused its discretion in setting the child support at $500.00 per month.

■ Before we consider wife's complaint about maintenance, we will examine husband's cross-appeal. Husband contends the trial court was without jurisdiction to enter the July 22, 1981, order amending the decree because more than 90 days had passed since wife filed her motion for a new trial. Wife admits the court was without jurisdiction to enter this order. *See* Rule 78.06. Because the court had no jurisdiction, the order is of no effect and is hereby vacated.

■ We now consider wife's complaint regarding maintenance and find that, in view of all the circumstances, the trial court abused its discretion in not granting wife maintenance in its original decree. The evidence revealed that husband had been earning between $30,000.00 and $40,000.00 for several years before the parties separated, and was earning $39,000.00 at the time of trial. Further, husband admitted he had discouraged wife from working. Wife was 47 years old and had not worked in 25 years. She had been unsuccessful in her attempts to find employment after husband left her, but she was taking courses in order to gain marketable skills. Wife's income

---

1. We note the court followed an acceptable procedure for retaining jurisdiction over the issue of maintenance. Awarding $1.00 or some other nominal amount of maintenance is not required for the retention of jurisdiction. *Givens v. Givens,* 599 S.W.2d 204, 206 (Mo.App. 1980).

and expense statement showed she had no income and over $1,500.00 in expenses per month. However, at trial, she testified she needed $800.00 per month in maintenance. Husband's evidence showed his expenses were greater than his income, but a sizeable portion of his income was expended to support the woman with whom he was living and her children. At the time of the trial, wife was unable to support herself through appropriate employment, and she lacked sufficient property to provide for her reasonable needs. § 452.335, RSMo.1978. Therefore, we find she was entitled to maintenance and believe the record supports an order of maintenance in the amount of $400.00 per month. Accordingly, we reverse that part of the trial court's order denying maintenance and, pursuant to Rule 84.14, award her $400.00 per month in maintenance. This award is retroactive to April 14, 1981, the date of the original dissolution decree.

The order of July 22, 1981, is vacated. The maintenance provision of the dissolution decree is reversed, and the decree is affirmed in all other respects.

CRANDALL, P.J., and CRIST, J., concur.