**In re the Marriage of Thomas O. LYLES, Appellant,**

v.

**Emily Clarina Palmer LYLES, Respondent.**

Nos. 49837, 49838.

Missouri Court of Appeals, Eastern District, Division Three.

April 22, 1986.

Frank Susman, P.C., St. Louis, for appellant.

Davis Biggs, Jr., St. Louis, for respondent.

SIMON, Judge.

Husband appeals an order of the Circuit Court of St. Louis City increasing child support and maintenance awarded to wife on her motion to modify the terms of a decree of dissolution. The present motion was filed in 1984. The original decree in 1980 awarded wife maintenance of $50.00 per week, custody of the child, and $75.00 per week in child support. In 1982, upon husband's motion, the maintenance was reduced to $25.00 per week. At that time

wife had secured employment as a teacher, her present occupation, at a salary of $15,000, and husband's income was $18,000 per year. Husband had just begun full time practice in urology.

Pursuant to the present motion, the trial court increased the maintenance award to $75.00 per week, and the child support award to $175.00 per week. Husband appeals these awards and the attorney's fees award. Wife cross appeals seeking an additional increase in the award of maintenance. She contends the trial court erred in not admitting certain testimony concerning her contributions to the marriage and husband's medical education. Wife does not appeal the child support award.

The standard for modification of the terms of a decree of dissolution is set out in Section 452.370, subdivision 1, RSMo Supp.1984 (hereinafter all citations will be to RSMo Supp.1984, unless otherwise specified). The provisions of a decree may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. Section 452.370.1. In determining whether or not a substantial change in circumstances has occurred for child support modification, both parties' financial resources must be considered. Section 452.370.1.

█ The burden of showing the required change in circumstances is upon the party seeking modification of the decree. *Seelig v. Seelig*, 540 S.W.2d 142 (Mo.App. 1976). Upon review, we defer to the vantage of the trial judge with respect to the credibility of witnesses. *Seelig*, 540 S.W.2d at 145. Accordingly, the trial court's award will be upheld unless it is against the weight of the evidence, is unsupported by substantial evidence, or erroneously states or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (1976).

█ Husband's first point on appeal is that the increase in the maintenance award is not supported by substantial evidence and is so excessive as to constitute an abuse of discretion. Wife's testimony indicates that the monthly expenses for herself and the child are approximately $1750 per month, an increase from $1250 per month as stated on expense statements filed a year earlier. Wife also testified she owned a 1975 car in need of extensive repair and is attempting to save for a new one. She and the child presently reside with her parents, and her testimony relates a need and desire to establish an independent residence for herself and the child. Wife also testified that her gross salary per year is approximately $17,000, and that she has savings of $7,000 of which $3500 is a gift from her mother.

The trial court's order states that due to the needs of wife and child, the need for an independent residence, the increased clothing expenses and the new transportation, an increase in the maintenance award is warranted. Wife's testimony as to her expenses and present net salary constitute substantial evidence to support the trial court's award.

█ As to the reasonableness of an award, the trial court balances the husband's ability to pay against the wife's reasonable needs. *Farnsworth v. Farnsworth*, 553 S.W.2d 485, 487 (Mo.App.1977). The husband's income at the time of the last modification was $18,000 per year. His testimony at this modification proceeding establishes a gross salary in 1984 of approximately $99,800 from the urological services corporation of which he is sole shareholder. He also testified that he is remarried and has a child of that marriage. Considering these factors in balancing his ability to pay against wife's needs, the award is not so excessive as to be an abuse of discretion.

In her cross appeal, wife contends that the maintenance award is inadequate to meet her needs. Based upon the evidence cited above as to husband's income and expenses and the trial court's findings, an increase in the maintenance award of $50.00 per week is sufficient to meet her needs. This point is without merit.

Husband also contends that the child support award is not supported by substantial evidence. He acknowledges that an

increase in child support is appropriate but takes exception to the court's factual findings. He contends that wife's testimony as to the child's increased food and clothing expenses contradicts figures set out in sworn financial statements filed a year earlier. In addition, he contends that testimony given at trial as to his present income was improperly relied upon instead of his sworn financial statements filed with the court. Third, he contends that wife's evidence does not support the need for an independent residence.

■ Again, the evidence must comply with the standard required by Section 452.-370.1. In addition, both parties' financial resources must be considered. In a child support modification proceeding, a trial court has discretion to accept or reject a party's testimony offered as evidence in support of a claim. *Oberkrom v. Oberkrom*, 608 S.W.2d 449 (Mo.App.1980). A party's testimony is sufficient evidence, and a reviewing court will defer to the trial judge's determination respecting the credibility of witnesses. *Eastes v. Eastes*, 590 S.W.2d 405 (Mo.App.1979).

■ A change in circumstances may exist due to the increased expenses of a growing child and inflationary trends. *In re Marriage of Burroughs*, 691 S.W.2d 470 (Mo.App.1985). These factors, coupled with an increase in the father's earnings, may constitute a change in circumstances making the original terms unreasonable and necessitating an increased child support award. *Moran v. Moran*, 681 S.W.2d 510 (Mo.App.1984).

■ Wife's testimony as to the increased expenses of the child, now growing into his teen years, and the need for an independent residence constitutes substantial evidence of expenses upon which the trial court could make its decision. In addition, the trial court heard testimony by wife that her salary is approximately $17,000 per year, and her assets include a $7,000 savings account and a ten year old car. Husband testified that his gross salary was approximately $99,800 per year. Husband also testified as to various other assets and capital interests which he held, including $20,000 paid to a pension and profit sharing plan by the corporation.

Clearly, the trial court rightfully chose to rely upon the parties' testimony as to income and expenses. The court considered the financial resources of both parties and then weighed the evidence to make its determination. Accordingly, the trial court's award is supported by the evidence and does not constitute an abuse of discretion.

■ Wife's second point on cross appeal states that the trial court erred in refusing to admit testimony concerning her contributions to the marriage and husband's education. The sole objective of a modification proceeding is to determine whether the terms of a previous award have been made unreasonable by changed circumstances which are substantial and continuing. Section 452.370.1. Unless the testimony is offered as evidence of this required showing, its entry would be improper in such a proceeding.

■ Testimony as to wife's contributions to the marriage and support given to her husband in attaining a medical education may properly be considered in a proceeding on an original decree of dissolution. *Scott v. Scott*, 645 S.W.2d 193 (Mo.App.1982). Wife's brief on cross appeal recognizes that this evidence was presented and considered in the original dissolution proceeding. This consideration is noted in the original decree. The first modification of this decree, in 1982, is evidenced only by memorandum in the court's file.

■ The purpose of a modification proceeding is to determine if the terms of any decree of maintenance or support are now unreasonable. Yet, the decree itself, and subsequent modifications, are considered merely for purposes of establishing whether the evidence now offered meets the required standard for changed circumstances. Section 452.370.1.

■ In *LoPiccolo v. LoPiccolo*, 581 S.W.2d 421 (Mo.App.1979), the court reiterated its position that the original determi-

nations in a dissolution are *res judicata* until the party, on motion to modify, meets its burden of showing the required change in circumstances. Once this burden is met, the original terms will be modified in accordance with Section 452.370 to accommodate the prospective changes and make the terms reasonable in light of the evidence. This does not imply that the evidence considered in forming the original terms is to be reweighed upon every motion to modify the decree. Wife's second point is without merit.

■ Husband's last point on appeal is the award of the full amount of wife's attorney's fees. The trial court has broad discretion in determining the reasonableness of an award for attorney's fees. *Hankey v. Hankey,* 623 S.W.2d 35 (Mo. App.1981). A modification order requiring one party to pay the attorney's fees of another necessitates a showing of unusual circumstances justifying deviation from the rule that each party bears its own litigation costs. *In re Marriage of Hoglen,* 682 S.W.2d 179 (Mo.App.1984). Yet, it is well settled that trial courts are deemed experts on the issue of attorney's fees and need not have evidence adduced on such fees to fix an award. *Hopkins v. Hopkins,* 591 S.W.2d 716, 720 (Mo.App.1979). In addition, Section 452.355, RSMo 1978, provides only that the trial court consider "all relevant factors including financial resources" in fashioning a reasonable award of attorney's fees. This is the standard by which the trial court must abide in a modification proceeding.

■ Husband takes exception to the trial court's award of the full amount of attorney's fees, inasmuch as a portion of the fee relates to motions voluntarily dismissed by wife. Such motions are part of the discovery procedure. Testimony by both parties as to their annual income and present assets was presented. Testimony was also given as to wife's expenses in excess of income as of the present time, and the expectancy of future burdensome expenditures for new transportation and an

independent residence. We find no abuse of discretion.

Judgment of the trial court is affirmed.

KAROHL, P.J., and GAERTNER, J., concur.