Nancy A. (Ahland)
ZWEIFEL, Appellant,

v.

Robert W. AHLAND, Respondent.

No. 14314.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 27, 1986.

William W. Hoertel, Ronald D. White, Rolla, Joseph W. Rigler, Joplin, for appellant.

Martin Mazzei, Mazzei & Bell, Steelville, for respondent.

ANNA C. FORDER, Special Judge.

In this action, the trial court ordered appellant, the mother of two teenage boys, to pay $75 per month per child to respondent, their father, for their support. The action was brought by the respondent in the form of a motion to modify subsequent to a decree of dissolution of marriage entered in the same court May 7, 1981, and in which decree the following words are found: "There is no child support awarded Respondent." A separation agreement, found conscionable and made a part of the decree of dissolution, is silent regarding child support.

The children have remained in the custody of respondent, and have had visits with appellant.

The trial court found, on April 10, 1985, with ample supporting evidence, "that certain facts have arisen since entry of this Court's Decree which has effected substantial and continuing changes in the circum-

stances of said minor children and their custodian. . . . "

We agree with the trial court.

Appellant argues that there is a two-pronged test that must be met, requiring a change in the circumstances so substantial and continuing as to render the original decree unreasonable. Appellant argues that neither prong alone will justify modification.

■ It is abundantly clear that the Missouri Court of Appeals has recognized that ". . . the legislature in enacting § 452.370 intended to require a stricter standard for modification of a decree of dissolution than was formerly required." *Calicott v. Calicott,* 677 S.W.2d 953, 955[1] (Mo.App.1984). This was for a good reason. As explained in *Eastes v. Eastes,* 590 S.W.2d 405, 409 (Mo.App.1979), § 452.370 was enacted to implement a stricter standard for modification, thereby discouraging repeated and insubstantial motions for modification. Furthermore, says *Eastes,* "As with the custody determination, the proceedings are examined only for abuse of discretion or misapplication of the law."

The trial judge had ample opportunity to judge the change of circumstances, the substantial value of those changes, the reasonableness of the original order awarding no child support, and, as always, in an order involving children, the best interests of the children. *Williams v. Williams,* 510 S.W.2d 452, 455 (Mo.banc 1974).

Appellant relies on *Niswonger v. Niswonger,* 676 S.W.2d 932, 933 (Mo.App. 1984), and *Walck v. Walck,* 651 S.W.2d 559, 561 (Mo.App.1983), as authority for us to reject the trial court's order in this case. However, the evidence here shows more than a mere increase in age and inflation as the bases for the child support order. The trial court had before it to consider such expenses for the children as food, clothing, medical and dental care, recreation, laundry and cleaning, barbershops, college expenses for the elder son, family counseling, and an increase in appellant's income. Consequently, the trial court had ample

evidence before it in making the determination, and, accordingly, ordered a very modest child support award. We recognize that "[a]lthough primary responsibility for child support rests with the father, the mother may also be called upon to provide support." *Minton v. Minton,* 639 S.W.2d 640, 643 (Mo.App.1982).

■ The second point on which appellant relies is a jurisdictional issue regarding child support. Appellant indicates this is a unique situation, never having been addressed by a Missouri appellate court. The statute giving the trial court authority to modify child support and maintenance awards is § 452.370, RSMo Cum.Supp.1984. While courts do not make awards of maintenance in a modification proceeding, where maintenance was expressly waived at the time the marriage was dissolved, *In re Marriage of Noeltner,* 569 S.W.2d 8, 11[6] (Mo.App.1978), a similar argument in regard to child support cannot be made. The basic assumption of child support is that a child always needs the support of his or her parents until such child reaches majority, or until such child is emancipated or the parental rights are terminated. A maintenance award, however, is based on the need of a particular spouse at the time of the dissolution, and after the dissolution. Thus, if a spouse is not dependent at the time of the dissolution of the marriage, there is no legal relationship thereafter to reestablish a responsibility. *Cf. Jamison v. Churchill Truck Lines, Inc.,* 632 S.W.2d 34, 35 (Mo.App.1982). With children, however, the parent-child relationship remains until majority.

"A trial court does not lose its jurisdiction by entry of its original final decree. It retains a limited jurisdiction to modify that decree as subsequent changed conditions may require. And if such modification pertains to the custody or *future* maintenance of a minor, this limited jurisdiction continues until the majority of such minor." (Emphasis added.) *Hayes v. Hayes,* 363 Mo. 583, 252 S.W.2d 323, 327 (1952).

*Hayes* goes on to say that jurisdiction to determine matters relating to the support and maintenance of minor children remains in the court where the divorce decree was rendered, and matters concerning custody and future support and maintenance of such minors cannot be determined in an independent action. 252 S.W.2d at 327.

The Supreme Court in *Lodahl v. Papenberg*, 277 S.W.2d 548, 551 (Mo.1955), further clarifies the distinction between future child support, and collection of support that is past due a child from a parent, but not subject to an order of any court.

"Often courts, in granting a divorce, do not (and sometimes cannot, because of want of jurisdiction) make an order providing for the support of a minor child, and in cases wherein the custody of the child has been awarded to the wife, but no provision was made for the child's support and the wife supports the child, two remedies are available to the divorced wife. One remedy is a proceeding in the divorce case, by motion or otherwise to obtain an order providing for *future* support; and the other is by independent common-law action to recover for expenses *already incurred.*"

Therefore, the language of § 452.370.1, RSMo Cum.Supp.1984, stating that "the provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification" is simply a codification of a well established practice whereby Missouri courts have provided for future alimony or maintenance of a spouse only under the divorce or dissolution statutes, leaving open common law remedies for past amounts expended on children.

If we were to accept appellant's construction of the statute in question, in every future case where a trial court did not make a specific award of child support the custodial parent could never return to court for a child support award. Even if the custodial parent were jobless and destitute,

and the child consequently without food or shelter, and the noncustodial parent had become wealthy, the decree could not be modified. The General Assembly could not have intended such an absurd result, nor can we arrive at such a contorted construction. The trial court had jurisdiction to enter its order.

The order appealed from is affirmed.

PREWITT, C.J., concurs in principal opinion and in Judge CROW's concurring opinion.

HOGAN, P.J., and MAUS, J., and ROBERT L. CAMPBELL, Special Judge, concur.

CROW, J., concurs and files concurring opinion.

NORWIN D. HOUSER, Senior Judge, concurs in result.

CROW, Judge, concurring.

I concur in the result reached by the principal opinion, but deem it necessary to comment on appellant's second assignment of error. Appellant, henceforth referred to as "the mother," maintains that inasmuch as the 1981 decree of dissolution of marriage provided that no child support was awarded respondent ("the father"), the trial court, in the 1984 modification proceeding brought by the father, had no "jurisdiction" to order the mother to pay child support.

The mother bases her hypothesis on cases decided prior to January 1, 1974, holding that a *divorce* decree entered without making any mention of *alimony* cannot thereafter be amended or modified so as to provide an allowance of alimony.[1]

The statutes authorizing termination of marriages by divorce were repealed by Laws 1973, pp. 470–79, H.B. No. 315, effective January 1, 1974, and a new procedure for the termination of marriages by "a decree of dissolution of marriage" was cre-

---

**1.** *Smith v. Smith*, 350 Mo. 104, 164 S.W.2d 921, 924[8, 9] (1942); *Carrell v. Carrell*, 503 S.W.2d 48, 51[7] (Mo.App.1973).

ated by the same legislation. The statutes governing dissolution of marriage are presently codified as §§ 452.300–.420, RSMo 1978, as amended.

Section 452.325.6, RSMo 1978, provides, in pertinent part:

"Except for terms concerning the support ... of children, the decree [of dissolution of marriage] may expressly preclude or limit modification of terms set forth in the decree if the separation agreement so provides."

Section 452.340, RSMo 1978, provides, in pertinent part:

"In a proceeding for ... dissolution of marriage ... or child support, the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support...."

Section 452.370.1, RSMo Cum.Supp.1983, provides, in pertinent part:

"Except as otherwise provided in subsection 6 of section 452.325, the provisions of any decree respecting ... support may be modified only as to installments accruing subsequent to the motion for modification and only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable...."

The mother seizes upon the language in § 452.370.1, above, that the provisions of any decree respecting support may be modified only as to installments accruing subsequent to the motion for modification. She argues that if *no* child support is granted to the custodial parent in the decree of dissolution, there are no future installments that will accrue. Consequently, says the mother, the intent of the General Assembly must have been to prevent a later award of child support where none was awarded in the decree of dissolution. In the mother's words: "With no installments existing, the [trial] court was entirely without jurisdiction to create a child support order by modification."

The mother concedes she has found no case decided since January 1, 1974, in support of, or contrary to, her position. We have likewise found no case since that date deciding the issue.

We do not, however, find the mother's theory persuasive. In our view, the purpose of the proviso in § 452.370.1 that the provisions of a decree respecting support may be modified only as to installments accruing subsequent to the motion for modification is merely to bar a court, in a modification proceeding, from ordering an increase or a decrease in the amount of any installment that became due prior to the filing of the motion to modify. That is the teaching of *Bopp v. Bopp*, 671 S.W.2d 348, 351[9] (Mo.App.1984), and *State ex rel. Williams v. Williams*, 647 S.W.2d 590, 593[5] (Mo.App.1983). We find nothing in § 452.370.1 manifesting a legislative intent that a parent who is not ordered to pay child support in a decree of dissolution of marriage is, by reason thereof, forever immune from the obligation of supporting children of the marriage.

Embracing the rationale espoused by the mother in the instant case could produce bizarre results. Suppose, for example, a decree of dissolution awarded custody of a child to one parent and provided (as did the decree here) that the custodial parent was to receive no child support from the noncustodial parent. Later, the noncustodial parent, in a motion to modify, seeks custody of the child, together with child support. The prayer for change of custody is granted. Could the original custodian successfully argue that because the decree of dissolution contained no order requiring payment of child support by either parent, none could be ordered of him in the modification proceeding?

To state the question is to answer it. Of course not.

We recognize, of course, that the case before us differs from the hypothetical we have posed, in that here, custody of the child remains with the parent originally awarded custody by the dissolution decree. We fail to see, however, why that should make a difference.

While not identical to the case before us, there is a Missouri case decided prior to January 1, 1974, that is helpful by analogy. In *Roberts v. Roberts*, 292 S.W.2d 596 (Mo. App.1956), a former wife filed a motion to modify a divorce decree entered in 1950. In her motion, the former wife alleged that the divorce decree made no provision for the support of a child of the marriage. The motion prayed that the decree be modified by ordering her ex-husband to pay child support. The trial court ordered the decree modified to require the ex-husband to pay child support of $40 per month.

On appeal, the ex-husband argued that his ex-wife's motion to modify failed to state a cause of action, in that it pleaded no change of conditions or circumstances since entry of the divorce decree.

Affirming the judgment, the appellate court pointed out that while, as a general proposition, a motion to modify must plead a change of condition in order to state a claim for which relief can be granted, that was not true in *Roberts*, as the child support issue had "never been the subject of judicial pronouncement." Because there had been no adjudication of the child support issue in the divorce decree, the doctrine of res judicata was inapplicable to that issue, hence there was no need for the ex-wife, in her motion, to allege that circumstances had changed since the divorce. The ex-wife was not seeking to alter a provision in the divorce decree pertaining to child support, but was instead seeking a determination of an issue not theretofore decided.

Pertinent to the mother's contention in the instant case, *Roberts* said:

"The obligation of the father to support his child is something which was born with the child. It is not a matter of agreement and the parents cannot between themselves contract away the right of the child to look to its parents for support." *Id.* at 599[7].

The mother in the case before us attempts to distinguish *Roberts* on the ground that the decree there was silent as to child support, whereas the decree in the instant case specifically stated no child support was awarded to the father.

We find the difference immaterial. In both cases, no child support was awarded in the original decree, hence there were no "installments" of child support accruing under either decree. That did not prevent affirmance of the modification in *Roberts*, and it does not prevent affirmance of the modification here.

The mother's contention, albeit ingenious, is without merit.

