Nancy J. REIF, Respondent,

v.

Reginald M. REIF, Appellant.

No. 53230.

Missouri Court of Appeals,
Eastern District,
Division One.

March 29, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 27, 1988.

Application to Transfer Denied
June 14, 1988.

Raymond A. Bruntrager, St. Louis, for appellant.

Frank Susman, St. Louis, for respondent.

CRIST, Judge.

Husband appeals an order of the circuit court modifying a dissolution decree by increasing the amount of child support. We affirm.

A decree of dissolution was entered March 26, 1971, and custody of the minor child was awarded to wife. Husband was ordered to pay child support in the amount of $20 per week. The decree was modified November 4, 1980, to increase the child support to $35 per week. On February 14, 1986, wife filed a second motion to modify. The circuit court granted the motion, increasing the child support to $50 per week and making the increase retroactive to the date the motion was filed.

Both husband and wife work. Husband is a licensed pharmacist and self-employed dental surgeon, whose dental practice earned $123,000 in gross receipts in 1985. The business includes two other dentists, who work for a percentage of the business they do, a receptionist, and six dental hygenists. Husband claims a net income of $1,000 per month, while the other two dentists earn between $35,000–$40,000 per year working on a part-time basis. Wife earns $800 per month.

Husband's first point on appeal is that the trial court erred in ordering the modification retroactive to the date the motion was filed. Section 452.370.1 provides: "[T]he provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification." § 452.370.1, RSMo 1986. Deciding whether modification should date back to the date of filing is within the discretion of the

trial court, and that ruling will not be disturbed unless a clear abuse of discretion is shown. *Meadows v. Meadows,* 686 S.W.2d 558, 561[5] (Mo.App.1985); *Stitt v. Stitt,* 617 S.W.2d 645, 648[9] (Mo.App.1981). We find no abuse of discretion in this case.

Husband next asserts the trial court erred in allowing modification because the evidence failed to show a substantial change in circumstances to warrant an increase.

■ When reviewing an order for modification, the trial court's award will be upheld unless it is against the weight of the evidence, unsupported by substantial evidence, or erroneously states or applies the law. *Lyles v. Lyles,* 710 S.W.2d 440, 442[2] (Mo.App.1986). Judging the credibility of witnesses is for the trial court. *Id.*

■ Wife testified the child care expenses had increased since the prior modification. "A change in circumstances may exist due to the increased expenses of a growing child and inflationary trends.... These factors, coupled with an increase in the father's earnings, may constitute a change in circumstances making the original terms unreasonable and necessitating an increased child support award." *Id.* at 443[7] (citation omitted).

Father testified his earnings had not increased since the previous modification; however, the evidence showed that father, as a licensed pharmacist and a licensed dental surgeon, had the capacity to earn much more than $1,000 a month. The trial court could impute a higher income to father because he had the capacity to earn more. *Klinge v. Klinge,* 554 S.W.2d 474, 476–77[1, 2] (Mo.App.1977). For these reasons, we find no error in the granting of a modification of the dissolution decree.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.