**STATE of Missouri, ex rel. Daniel J. DONNELLY, Joan Donnelly Hawkes, James Donnelly, Jr., Ann Donnelly Hart, Michael Donnelly and Jack M. Mazur, Relators,**

v.

**The Honorable Robert D. McALLISTER, Judge of the Circuit Court, St. Louis County, Division 41, Respondent.**

No. 54635.

Missouri Court of Appeals,
Eastern District,
Division One.

July 12, 1988.

Leonard J. Frankel, Edward M. Roth, Clayton, for relators.

Mary Ann Weems, Clayton, for respondent.

PUDLOWSKI, Presiding Judge.

This is an action in prohibition brought by relator challenging respondent's order requiring him to produce certain financial and business documents which relator finds objectionable.

This petition for writ of prohibition arises out of a proceeding for modification of child support instituted by relator's ex-wife, Angela Wexelman. Angela seeks an increase in child support based on an alleged increase in relator's income, cost of living and discrepancy between the standard of living of relator and the children. Angela filed a request for production of documents seeking numerous business and financial records including "all trust indentures or trust documents on which you are listed as a beneficiary or in which trust you have any interest whatsoever." In response to her request, relator produced his federal and state income tax returns for 1984 through 1986 and estimated tax for 1987. He made his checking account records available for inspection and filed a statement of property setting forth all of his assets. Relator objected to the request set out above on the ground that the information sought was irrelevant, immaterial and could be obtained from his tax returns.

Further, production of such documents would reveal private financial information concerning the affairs of strangers to the action. A hearing was held on the discovery issue before the respondent who overruled relator's objections. Relator asks this court to issue its writ of prohibition ordering the respondent to sustain relator's objections.

In oral argument, the relator's attorney was questioned as to the judicial admission in the relator's brief in which he states that "he does not dispute that he has ample financial resources to meet the needs of his children, and he has produced documentation sufficient to demonstrate this fact as a matter of law." The attorney assured the court that this statement was correct even though the relator's statement of income and expenses shows that his monthly expenses exceed his income by $942.00.

As aforesaid, in order for the petitioner to obtain relief she must show a change in circumstances based upon an increase in relator's income and a change in the expenses of the children. Since relator does not dispute his ability to meet the reasonable needs of his children, further inquiry into his financial affairs is unnecessary.

We therefore order our preliminary writ made permanent and further order the trial court to recognize the relator's judicial admission before this court and set this matter for hearing to determine the financial change of circumstances of the children, if any, and make such award, if any, based upon the relator's reasonable ability to pay.

DOWD and KAROHL, JJ., concur.