**Edward Dean PLUNKETT, Petitioner/Appellant,**

v.

**Darlene Plunkett AUBUCHON, Respondent/Respondent.**

**No. 56605.**

Missouri Court of Appeals, Eastern District, Southern Division.

June 26, 1990.

Wallace L. Duncan, Grace C. Blaich, Poplar Bluff, for petitioner/appellant.

David L. Mayhugh, Flat River, for respondent.

GRIMM, Judge.

Petitioner Edward Plunkett (father) appeals the trial court's decision granting respondent Darlene Aubuchon (mother) sole custody of their two minor sons. We affirm.

Father raises six points of error. First, the trial court erred in granting sole custody of the children to mother; because no changes in the circumstances had occurred; and because the trial court's decision was against the weight of the evidence. We disagree; changes in the circumstances had occurred necessitating a modification of the original decree, and the trial court's decision was not against the weight of the evidence. Second, the trial court erred in

denying his motion for contempt against mother. This point is denied, because the record on appeal did not include father's motion for contempt.

Third, the trial court erred in awarding mother child support of $50.00 per week per child; because the award was against the weight of the evidence. We disagree; the trial court did not abuse its discretion. Fourth, the trial court erred in ordering father to pay retroactive child support; because there was no original decree of child support. We disagree; a retroactive child support award can be made upon a motion to modify even though the original decree did not provide for child support. Fifth, the trial court erred in ordering father to pay a portion of mother's attorney fees. We disagree; the trial court considered the relevant factors, and a trial court itself can determine the reasonableness of a fee. Sixth, the trial court erred in determining custody without appointing a guardian ad litem. We disagree; there was no allegation of abuse or neglect requiring the appointment of a guardian ad litem.

## I. Background

The parties' marriage was dissolved November 6, 1985. Under the dissolution decree, the parties were awarded joint legal and physical custody of their two minor sons[1]. Father was to have actual custody of the boys for the majority of the time. This arrangement allowed the school-age son to attend school in the North County School District. Father has lived in that district throughout these proceedings; while, at the time of the decree, mother lived in Jefferson County.

Problems between the parties arose soon after the decree was entered. The parties each filed motions to modify. Following a hearing, primary care, custody, and control of the two boys was transferred to mother. The trial court ordered father to pay child support and granted him visitation and temporary custody privileges. Father ap-

1. The legal file furnished us does not contain the decree originally entered. Nor does it contain the motion for contempt. The procedural history is basically gleaned from the briefs, the trial court's decree, and the decision in *Plunkett v. Plunkett*, 757 S.W.2d 286 (Mo.App.E.D.1988).

pealed. He posted a supersedeas bond to stay execution on the child support award.

This court vacated the trial court's orders and remanded the cause for further proceedings before another judge. *Plunkett v. Plunkett,* 757 S.W.2d 286 (Mo.App.E.D.1988). Upon remand, this cause was assigned to the Honorable Larry Casey.

Both parties filed amended motions to modify, seeking primary custody. After a two day trial, the trial court awarded custody of the two children to mother. Father was ordered to pay $50.00 per week per child as and for child support. In addition, the trial court ordered him to pay $5,000.00 as retroactive child support and $9,500.00 for mother's attorney fees.

## II. Custody of Children

In his first point, father asserts that the trial court erred for two reasons in awarding sole custody of the parties' minor children to mother. He argues that (1) no changes in the circumstances necessitating a modification had occurred since the prior decree; and (2) the trial court's decision was against the weight of the evidence, was not supported by substantial evidence, and the trial court misdeclared and misapplied the law.

■ Father first contends that no change of circumstances had occurred. In making this contention, father overlooks the allegations in his amended motion to modify. In his motion, he alleged that "since the date of the Decree of Dissolution of Marriage ... there have been substantial and continuing changes in the circumstances of the parties and the minor children so that modification of the Decree of Dissolution is necessary." He then listed twenty alleged changes.

His verified motion further alleged that, as a result of those changes, "it is required that the Court modify the Decree ... by awarding [father] sole legal custody and the full primary care ... of the minor children." The prayer in his motion was that "permanent sole legal and sole physical custody of the minor children [be placed] with [father]."

"[I]t is a general rule that allegations or admissions of fact contained in pleadings upon which a case is tried are binding on the pleader." *Sayers v. Bagcraft of Am., Inc.,* 597 S.W.2d 280, 282 (Mo.App.S.D. 1980). Here, both father's and mother's motions alleged "substantial and continuing changes in the circumstances" had occurred. In addition, each motion set out numerous specific changes which had occurred.

Further, at trial, father testified that he did not think that joint custody was "necessarily in the best interests of the children." Based on the pleadings and the testimony, the trial court found that one of the "few issues upon which [father] and [mother] both agree is that joint ... custody has not worked and that sole or primary legal custody ... is the appropriate course."

■ Next, father correctly points out that we review the trial court's decision under the standard set forth in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). We understand father's argument to be that the trial court's decision granting mother sole custody of the children was against the weight of the evidence.

"Appellate courts should exercise the power to set aside a decree or judgment on the ground it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." *Id.* "We view the facts in the light most favorable to the judgment and defer to the trial court's resolution of conflicts in evidence." *Mueller v. Simmons,* 634 S.W.2d 533, 535 (Mo.App.E.D.1982); *see also Ware v. Ware,* 647 S.W.2d 582, 584 (Mo.App.E.D. 1983).

Here, there was evidence which would justify the award of custody to either parent. No useful purpose would be served by setting out that evidence, which sharply conflicted. "Where conflicts in testimony exist, as in the present cause, we may assume the trial court believed the testimony and evidence which was consistent with its findings and judgment." *McComas v. Umlauf,* 641 S.W.2d 809, 812 (Mo.App.S.D. 1982). "The fact that there is evidence in the record which might have supported a

different conclusion does not demonstrate the court's holding is contrary to the weight of the evidence." *Alice v. Ronald,* 683 S.W.2d 307, 310 (Mo.App.S.D.1984).

We do not have "a firm belief that the decree ... is wrong," *Murphy,* 536 S.W.2d at 32, nor are we "firmly convinced that the welfare of the [children] requires some other disposition." *In re Marriage of Wofford,* 589 S.W.2d 323, 326 (Mo.App.S.D. 1979). We, therefore, defer to the trial court's decision. *Id.* Point denied.

## III. Contempt

■ In his second point, father challenges the trial court's denial of his motion for contempt against mother. He contends that mother wrongfully retained custody of the children after the order granting her primary custody was vacated by this court.

Father failed to provide this court with a copy of his motion for contempt. "For a question to be reviewed the record or the requisite part thereof must contain or set forth such matters relating thereto as will enable the court to determine whether or not there is error in respect thereto." 4A C.J.S. Appeal and Error § 1154 (1957); *see also Cain v. Richart,* 781 S.W.2d 265 (Mo. App.S.D.1989). Rule 81.12(a) and (c). Because father failed to include his motion in the record on appeal, this court has no basis upon which to find any error of fact or law. *See A.W. Moore Roofing v. Sevier,* 700 S.W.2d 93 (Mo.App.E.D.1985); *Hammons v. Eisert,* 745 S.W.2d 253 (Mo.App.S. D.1988). Father's point is denied.

■ We have, ex gratia, read the briefs and the cases cited therein. Under the facts of this case, we do not perceive any reversible error. Originally, the parties had joint custody of the children. However, on September 4, 1987, mother was granted custody of the children. About a year later, the September 4 order was declared vacated by this court's opinion dated August 30, 1988. That opinion did not become final until this court issued its mandate on October 19, 1988.

Between the date of the opinion and the mandate, mother filed, and the trial court took up, a motion for temporary custody. That motion is not contained in the legal file, nor does the legal file contain a copy of any written order. The transcript of the September 28 hearing, however, reveals that the trial judge said, "It is my judgment today that the matters shall stay as they are, and by that I mean ... the children are with [mother]—that they remain there."

No issue is raised as to whether the trial court had jurisdiction to enter the September 28 order. Mother at least had "colorable" custody of the children. The trial court did not err in refusing to hold mother in contempt.

## IV. Child Support

■ In his third point, father contends the trial court erred in awarding mother child support of $50.00 per week per child. This court construes his argument to be that the trial court's award is against the weight of the evidence.

"Setting the amount of child support is a matter within the sound discretion of the trial court." *Geil v. Geil,* 647 S.W.2d 161, 162 (Mo.App.E.D.1983). "We cannot substitute our judgment for that of the trial court absent a manifest abuse of discretion." *Wilson v. Wilson,* 642 S.W.2d 132, 136 (Mo.App.W.D.1982).

Father's gross earnings from Monsanto in 1987 were $29,269.86. As of November 22, 1988, his 1988 gross earnings were $25,-623.58. In addition, father had income from a video tape rental business, as well as from part-time work as a security guard. In 1987, he earned $1,200 as a security guard.

Mother's gross earnings from Enterprise Leasing in 1987 were $16,111.65. In November, 1988, her monthly gross income was $1,517.74. She indicated monthly child care expenses of $192.00.

The trial court's findings reflect that it considered the relevant factors in determining the amount of child support. *See Pratt v. Pratt,* 691 S.W.2d 441 (Mo.App.E.D. 1985). The trial court's decision was not a

manifest abuse of discretion.[2] Point denied.

### V. Retroactive Child Support

In his fourth point, father alleges the trial court erred in awarding mother retroactive child support or, in the alternative, reimbursement for necessities provided. Father divided his argument into three subpoints.

In his first subpoint, father argues that the award of retroactive child support is a misapplication and misdeclaration of the law and constitutes an abuse of discretion. He contends that such an award is inappropriate in this case, because the original decree of dissolution had no provision for child support.

 Father correctly acknowledges that it is within the trial court's discretion to make a child support award retroactive. *See Wexelman v. Donnelly*, 782 S.W.2d 72, 76 (Mo.App.E.D.1989); *Reif v. Reif*, 750 S.W.2d 521 (Mo.App.E.D.1988). He argues, however, that the retroactivity of the award is inappropriate in this case; because the original decree of dissolution had no provision for child support. As authority for his argument, father cites *Zweifel v. Ahland*, 718 S.W.2d 660 (Mo.App.S.D. 1986).

His reasoning is as follows. Section 452.370.5, RSMo Supp.1989, requires a trial court to award retroactive child support only for installments which have accrued. Here, the original decree of dissolution did not provide for child support. In such a case, according to father's reading of *Zweifel*, installments do not accrue until after a modification has been entered. Consequently, a custodial spouse without the benefit of a pre-existing child support award is entitled to a modification only as to future installments. Father concludes, therefore, that the absence of an existing child support award in this case precluded an award of retroactive child support to mother.

Father misreads *Zweifel*. The non-custodial parent in that case argued that "if *no* child support is granted to the custodial parent in the decree of dissolution, there are no future installments that will accrue." *Id.* at 663 (emphasis original). The non-custodial parent proposed that "the intent of the General Assembly must have been to prevent a later award of child support where none was awarded in the decree of dissolution." *Id.* The *Zweifel* court rejected this argument. The court held that an award of child support upon a motion to modify is not barred by the absence of such an award in the original decree of dissolution. *Id.* at 661.

The *Zweifel* decision is consistent with the line of Missouri cases which hold that retroactive child support may be awarded back to the time of the filing of the motion to modify. *See Wexelman v. Donnelly*, 782 S.W.2d 72, 76 (Mo.App.E.D.1989); *Reif v. Reif*, 750 S.W.2d 521 (Mo.App.E.D.1988); *Stitt v. Stitt*, 617 S.W.2d 645, 648 (Mo.App. W.D.1981).

██ Mother first filed her motion to modify May 19, 1986. Although a previous trial court had awarded her child support of $40 per week per child effective September 4, 1987, this court vacated that award. The present trial court, in its January 30, 1989, order, awarded mother $5,600.00 for the 14 months from September 4, 1987, until November, 1988. This award is within the trial court's sound discretion. *Reif*, 750 S.W.2d at 522.

As such, the trial court's award of retroactive child support was proper. Further, the amount of child support set by the trial court did not constitute a manifest abuse of discretion. Our disposition of this subpoint makes it unnecessary to address father's other two subpoints. Point denied.

### VI. Attorney Fees

In his fifth point, father alleges the trial court erred in ordering him to pay $9,500.00 of mother's attorney fees. He

2. Rule 88.01 became effective October 2, 1989. Although not applicable here, a calculation in accordance with that Rule supports the trial court's award.

contends that such an award was "not based on substantial evidence, was not supported by the weight of the evidence, misdeclared and misapplied the law and constituted an abuse of discretion."

"Section 452.355 RSMo provides that the trial court may, in its discretion, award reasonable attorney's fees." *Steffens v. Steffens,* 773 S.W.2d 875, 877 (Mo.App.E.D. 1989). "Absent a manifest abuse of that discretion, such an award will not be overturned." *Id.*

Father alleges the trial court's award was an abuse of discretion for three reasons. First, he claims that no award should have been made; because there was no evidence of his ability to pay.

 The financial resources of the parties must be considered in determining an award for attorney fees. *Hogrebe v. Hogrebe,* 727 S.W.2d 193, 194 (Mo.App.E.D. 1987). However, financial resources are only a factor, not a controlling factor. *Bray v. Bray,* 629 S.W.2d 658, 660 (Mo. App.E.D.1982). Other relevant factors must be considered in awarding attorney fees. *Steffens,* 773 S.W.2d at 877–88 (citing *Kieffer v. Kieffer,* 590 S.W.2d 915 (Mo. banc 1979)).

 Second, father claims the award was an abuse of discretion; because there was no evidence that the fee was reasonable. In Missouri, however, it is recognized that " 'courts are themselves experts on the question of attorneys' fees and the judge who personally tries a case and is acquainted with all the issues involved is in a position to fix the amount of attorneys' fees without the aid of evidence.' " *Hahn v. Hahn,* 569 S.W.2d 775, 778 (Mo.App.E.D. 1978) (quoting *Jafarian–Kerman v. Jafarian–Kerman,* 424 S.W.2d 333, 340 (Mo.App. W.D.1967)).

Third, father argues that no award should have been made, because mother's case lacked merit. This argument also fails. Mother's case did not lack merit. Point denied.

## VII. Guardian ad Litem

In his sixth point, father contends the trial court "erred in determining custody without a guardian ad litem for the minor children." He argues that the appointment of a guardian ad litem was requested and is required, because evidence of neglect was presented.

 Generally, the appointment of a guardian ad litem is a matter within the discretion of the trial court. *See T.C.H. v. K.M.H.,* 784 S.W.2d 281, 286 (Mo.App.E.D. 1989); § 452.490.4, RSMo 1986; § 452.423.1, RSMo Supp.1989. However, the "court shall appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged." § 452.423.1, RSMo Supp.1989. When such an allegation is made, it should be brought to the attention of the trial court in a timely manner.

 The original motions to modify are not before us; however, there are no specific allegations of child abuse or neglect in the amended motions. Nor is there anything in the record indicating that any child abuse or neglect allegations were brought to the attention of any judge.

The legal file does contain a motion for appointment of a guardian ad litem under § 452.490.4, RSMo 1986. This motion was filed June 10, 1986. Nothing in the legal file, including 22 pages of docket sheets, indicates this 1986 motion was ever brought to the attention of any judge.

Father's last point is denied. The judgment is affirmed.

SMITH, P.J., and SATZ, J., concur.