Judith A. ETLING, Appellant,

v.

Richard E. ETLING, Respondent.

No. 47615.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 29, 1984.

William E. Roussin, St. Louis, for appellant.

Charles F. James, Elizabeth W. Swann, Wentzville, for respondent.

CRIST, Presiding Judge.

The parties married in 1970, had three children and dissolved the marriage in 1983. Wife appeals, and we affirm.

■ Wife raises four points in this appeal. In her first point, she claims her maintenance award of $200 per month from May 1, 1983 through April 30, 1985 was inadequate. Wife had asked for $75.00 per week for six to nine months to train herself to become a medical assistant. Husband had a net take home pay of more than $1,800 per month. Husband stipulated he engaged in sexual intercourse with another woman while married to his wife. We find no abuse of discretion. The court granted maintenance for a reasonable period so that wife could adjust to a new pattern of

**826**

life and obtain gainful employment. *Sansone v. Sansone*, 615 S.W.2d 670, 671 (Mo. App.1981); Section 452.335 RSMo 1978.

■ In point two, wife asserts the division of marital property, including a house, was inadequate. The residence had a net equity of approximately $45,000.00. Wife asked the court to award one-half interest in the residence to her and one-half interest to their children who were in her custody. The trial court awarded the residence to wife, but ordered her to pay husband $21,000.00 when the residence was no longer needed to house the last of their children, when wife remarried or died, or when the house was sold, whichever came first. Again, we find no abuse of discretion by the trial court. The net result was to award approximately one-half of the marital residence to each party. *Wachter v. Wachter*, 645 S.W.2d 111, 113 (Mo.App. 1982); Section 452.330 RSMo 1978.

■ In her third and fourth points, wife complains the child support awarded by the trial court was inadequate. The trial court ordered husband to pay $690.00 per month as child support. Husband and wife stipulated husband would keep in effect medical, dental and hospital insurance he has through his employer which extends coverage to the children. The duty of the trial court in setting the amount of child support is to determine the reasonable needs of the children and the reasonable ability of the father to meet those needs. *In re: The Marriage of Pine*, 625 S.W.2d 942, 945 (Mo.App.1981). We find no abuse of discretion, especially in light of the fact that according to wife's expense statement, she required only $515.07 to meet the needs of the children. Section 452.340 RSMo 1978.

The judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. An extended opinion would have no precedential value.

Judgment affirmed in accordance with Rule 84.16(b).

PUDLOWSKI and SIMON, JJ., concur.