**Judith ETLING, Respondent,**

v.

**Richard ETLING, Appellant.**

No. 52333.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 2, 1988.

Application to Transfer Denied
April 19, 1988.

Charles F. James, Wentzville, for appellant.

William E. Roussin, St. Louis, for respondent.

SMITH, Judge.

Richard Etling appeals from the order of the trial court increasing the amount of child support he is required to pay from $690 per month to $1106.64 per month. We reverse.

The parties were divorced on May 13, 1983 and mother was awarded child support of $230 per month for each of the couple's three children and maintenance for two years at $200 per month. The maintenance award was to enable her to obtain gainful employment after receiving training as a medical assistant. She did not complete such training. She appealed the division of marital property, the maintenance award, and the award of child support. We affirmed on May 29, 1984. *Etling v. Etling*, 671 S.W.2d 825 (Mo.App. 1984). In the opinion we pointed out that mother's expense statement reflected that she required only $515.07 to meet the needs of the children. *Id.* [3, 4]. The support award was therefore 34% more than her own expense statement indicated she needed.

On July 14, 1984, fourteen months after the decree, six weeks after our opinion and two weeks after our mandate, mother filed her motion for modification. In it she alleged as grounds for modification that since the decree: (1) she was earning substantially less, (2) father was earning substantially more, (3) father had remarried and his wife was earning income, (4) inflation had increased, (5) the children had grown older and their needs increased, (6) she had incurred medical expenses for herself and the children. At the time of the decree mother was earning $29 per week in a part-time job. From July 1983 through January 1984 she earned $90 per week in a part-time job. In January 1984 she was laid-off from that employment. On July 16, 1984, two days after filing the motion to modify mother began working full-time for an insurance company at a salary which at the time she left her employment on July 3, 1986, was $226 weekly. On April 18, 1985, while employed by the insurance company, mother filed her amended motion to modify alleging the same six grounds for modification of the support award. On June 4, 1986, mother remarried. Her new husband's income was $37,000 annually. On July 3, 1986, she terminated her employment because she wanted to stay home with the children "and now I'm in a position where I can stay home with them, again." Hearing on the motion to modify was held July 14, 1986. Her testimony at the hearing was that she required $300 per month per child for their support. The court awarded her $368.88 per month per child.

Mother's testimony concerning her increased needs was quite general. She testified to general inflationary increases in expenses in food, clothing, schooling, recreation, etc. She also testified to increases in medical expenses of an indefinite nature. Father provides, and is required to provide by the dissolution decree, medical insurance for the children. Mother, for disputed reasons, has not utilized the insurance to its full potential. The only unusual or substantial expense testified to by the mother was a capital improvement on the residence owned by her. She also testified to $102 monthly expense for day care or baby-sitting for her school age children that she terminated her employment to be with. She did not testify to the circumstances requiring this expenditure.

Section 452.370.1, RSMo 1986, provides that a court may modify the provisions of a support decree only upon a showing of changed circumstances so substantial and continuing as to make the terms of the decree unreasonable. The burden of

establishing substantial change is on the movant. *Magaletta v. Magaletta,* 691 S.W. 2d 457 (Mo.App.1985) [2]. In making the determination of changed circumstances the court "shall consider all financial resources of *both* parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse or other person with whom he or she cohabits, and the earning capacity of a party who is not employed." Sec. 452.370.1 RSMo 1986 (Emphasis supplied). It is the purpose of this section to impose a stricter standard of modification in order to discourage recurrent and insubstantial motions for modification. *Magaletta v. Magaletta, supra,* [1]. Where there has been a short period of time between the original decree and the time of filing the motion to modify the allegations must show an extraordinary change in circumstances. Expected and predictable increases are presumed to have been taken into account in the original award. *Foster v. Foster,* 673 S.W. 2d 108 (Mo.App.1984) [6]. Where a short period of time has elapsed aging and inflation are entitled to little consideration as they are, respectively, inevitable and predictable. *In re Marriage of Cook,* 636 S.W.2d 419 (Mo.App.1982) [5, 6]; *In re Marriage of Johanson,* 569 S.W.2d 337 (Mo.App.1978) [2–4].

Virtually all of mother's testimony on need was concerned with increased expenses generated by aging and inflation. In view of the original award of 34% more than mother indicated she needed, it is apparent that the court in the dissolution proceeding took those items into consideration in framing the award. Mother's testimony at the modification hearing was that she had not been aware of the expenses of running a household at the time of the dissolution hearing (although she had been doing that for several years) and she needed an increase because the original award was not sufficient. That is not the purpose of a modification; it is by statute intended to provide for substantial and continuing changed circumstances *since* the decree.

▆ The main thrust of mother's evidence and her argument here is that father is earning substantially more and she substantially less than at the time of the decree. Husband's increased income, standing alone, is not a sufficient reason to increase the award but when there is a showing that substantial and changed circumstances exist it becomes relevant as a factor in judging his ability to provide greater support. *Bellis v. Bellis,* 664 S.W.2d 12 (Mo.App.1984) [1]. It may also be relevant where there is proof that the original award was substantially below actual need because of the paying spouse's low income at the time of the decree. No such evidence exists here. Mother is earning $29 per week less, and that only because she quit her $226 per week job ten days before the hearing because she was now in a position to stay home with the children. This testimony reflects she does not need any income over and above the original award to support the children. Because no extra-ordinary changed circumstances were established, father's increased income is not pertinent.

▆ The major increase which mother points to in father's income is the additional money provided by his new wife. To the extent that additional income includes $600 per month which father's wife receives for support of her three children, it is not even to be considered in determining what husband's available income is unless he interposes his new family as evidencing his inability to pay more. Father did not do that. If changed circumstances warrant a modification the trial court is authorized to consider all financial resources of *both* parties and the earning capacity of a party who is not employed. There is no reason demonstrated here why father's new wife's income should be considered and mother's new husband's income should not be considered. Father's marital misconduct with his present wife during his marriage with the mother[1] is statutorily pertinent in the division of marital property, Section 452.330.1(4) RSMo 1986, and the conduct of mother is pertinent as to maintenance, Sec. 452.335.2(7) RSMo 1986. Marital conduct is not a consideration in determining child support. Sec. 452.340 RSMo 1986. Treat-

---

1. Mother has pending a suit for alienation of affections against the new wife. Since the date

ing the total family income of the two families (excluding new wife's child support and mother's earning capacity) reflects an increase in father's family income of 55%, and in mother's family income of 271%. Including mother's earning capacity her increase is 368%. Even if such financial resources were to be considered, and in this case they should not have been, the evidence does not support the trial court's award.

Father raises an additional point neither pleaded nor called to the trial court's attention. That matter has not been preserved for appeal.

The evidence does not establish the statutory requisites for a modification of the child support award made in the dissolution decree.

The judgment modifying the child support award is reversed.

KAROHL, P.J., and KELLY, J., concur.

of the dissolution decree, mother has been in continuing litigation with either husband or his new wife or both. We have frequently decried the use of child custody disputes as a continuation of the marital discord. The same applies to utilization of modification proceedings for the same purpose or to relitigate disagreement with the dissolution decree.