**Linda Jean WATKINS, Appellant,**

v.

**Robert D. WATKINS, Respondent.**

No. WD 45522.

Missouri Court of Appeals,
Western District.

Oct. 27, 1992.

Michael W. Walker, Kansas City, for appellant.

Charles W. Nichols, Kansas City, for respondent.

Before ULRICH, P.J., and SHANGLER and FENNER, JJ.

ULRICH, Presiding Judge.

Linda Jean Watkins appeals from the September 10, 1991, judgment of the trial court that modified the court's May 2, 1991, original decree of dissolution.[1] The judgment appealed from denies Ms. Watkins' application for the circuit court to find Robert D. Watkins in contempt and sustains Mr. Watkins' motion to reduce child support. The judgment is affirmed in part, reversed in part and remanded.

Linda Jean Watkins raises three points on appeal. Ms. Watkins contends that the trial court erred (1) in finding insufficient evidence to convict Mr. Watkins of contempt for failure to pay child support and maintenance; (2) in reducing child support on a "substantial change of circumstances" standard, rather than applying an "extraordinary change" standard, based on the short, four month period from the date of the original decree to the date of the modification order; and (3) in failing to include day care costs as reasonable employment-related expenses in the presumed child support calculation as required by Rule 88.01 and Civil Procedure Form 14.

On May 2, 1991, the Circuit Court of Clay County, Missouri dissolved the marriage of Linda Jean Watkins and Robert Dion Watkins. As a part of the dissolution decree, the circuit court awarded custody of the four minor children of the marriage to Ms. Watkins and ordered Mr. Watkins to pay child support in the amount of $280.00 per month per child in addition to maintenance in the amount of $200.00 per month. Mr. Watkins' total support obligation was $1,320.00 per month.

---

1. The Circuit Court of Clay County held additional contempt and modification proceedings subsequent to this appeal. As a result of the subsequent proceedings, the custody of one of the minor children born of the marriage was placed with Mr. Watkins. The subsequent proceedings are not a part of this appeal.

Mr. Watkins paid the obligated amount once. Mr. Watkins paid $1,020.00 in May of 1991; $1,320.00 in June; $700.00 in July; and $300.00 in August; leaving an arrearage as of August 1991 of $1,940.00. On August 9, 1992, Ms. Watkins filed an Application for Contempt Citation because of Mr. Watkins' failure to pay the ordered support. Accordingly, the Circuit Court of Clay County issued its order directing Mr. Watkins to show cause why he should not be found in contempt of court, and shortly thereafter, Mr. Watkins filed his motion to modify the Decree of Dissolution.[2]

Pursuant to the show cause order, the circuit court held a hearing on August 28, 1991 and September 4, 1991. During the hearing the court took judicial notice of the original decree, and the parties stipulated that Mr. Watkins was $1,940.00 in arrears on his court ordered support obligation.

Subsequently, the circuit court entered an order on September 10, 1991, denying Ms. Watkins' application for contempt citation and sustaining Mr. Watkins' motion to reduce child support. As a part of this order the circuit court made an express finding of fact that Mr. Watkins' income was $2,166.00 per month. The court also found that Ms. Watkins incurred no work-related child care costs during the previous three months and, therefore, child care costs did not need to be considered in determining the amount of child support required. The court reduced Mr. Watkins' monthly child support obligation from $280.00 per child per month to $175.00 per child per month.

## 1. *Contempt of Court*

■ Ms. Watkins contends as point (1) that the trial court erred in refusing to find Mr. Watkins in contempt for failure to pay court ordered child support and maintenance. She argues that she established a prima facie case for contempt and that since Mr. Watkins did not even make payment equal to the modified reduced amount required by the court's September 10 order in the month preceding the contempt hear-

ing, he failed to meet his burden of proof. The circuit court found that there was not sufficient evidence to find Mr. Watkins guilty of contempt of court.

■ A prima facie case for contempt is established in a civil contempt proceeding for noncompliance with orders in a dissolution of marriage judgment when the party alleging contempt proves both (1) the contemnor's obligation to pay support in a specific amount and (2) the contemnor's failure to make payment. *Wisdom v. Wisdom,* 689 S.W.2d 82, 85 (Mo.App.1985); *Hopkins v. Hopkins,* 626 S.W.2d 389, 391 (Mo.App.1981). When the prima facie case is established, the contemnor then bears the burden of proving his or her inability to make payments and that noncompliance was not an act of contumacy. *Wisdom,* 689 S.W.2d at 85; *Hopkins,* 626 S.W.2d at 391.

■ In this case, the circuit court took judicial notice of the terms of Mr. Watkins' support obligations, and the parties stipulated that Mr. Watkins was $1,940.00 in arrears on his payments. Ms. Watkins established a prima facie case for contempt. Mr. Watkins then had the burden of proving his noncompliance was not due to an act of contumacy.

The circuit court expressly found that there was not sufficient evidence to hold Mr. Watkins guilty of contempt of court. The court found Mr. Watkins had income of $2,166.00 per month, an amount less than that used in figuring his support obligation in the original decree. The court found the original child support order to be inequitable and reduced Mr. Watkins' child support obligation.

■ The trial court ruling in civil contempt cases will not be disturbed by the reviewing appellate court "unless the ruling was a clear abuse of discretion." *Bopp v. Bopp,* 671 S.W.2d 348, 352 (Mo.App. 1984); *Shanks v. Shanks,* 603 S.W.2d 46, 48 (Mo.App.1980). Although Ms. Watkins is correct that Mr. Watkins paid less in August than the amount he is legally pre-

---

2. Mr. Watkins' Motion for Modification incorporated a Motion for Contempt Citation, the contents and outcome of which are irrelevant for our purposes.

sumed to be able to pay using the trial court's modified income amount, Mr. Watkins' failure to pay more was not clearly contumacious and the trial court did not abuse its discretion in finding insufficient evidence that Mr. Watkins was guilty of contempt. Point (1) is denied.

### 2. *Reduction of Child Support*

■ Ms. Watkins contends as point (2) that the trial court erred in reducing Mr. Watkins' child support obligation on a "substantial change of circumstances" standard, rather than applying an "extraordinary change" standard. Ms. Watkins contends that the more exacting standard is required because of the short, four month period from the date of the original decree to the date of the modification order.

Child support orders may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. § 452.370.1 RSMo Supp.1991. Ms. Watkins cites *Etling v. Etling,* 747 S.W.2d 285 (Mo.App. 1988), for the proposition that an "extraordinary change" in circumstances, a stricter standard, is applicable in this case. In *Etling,* Ms. Etling, who had custody of the three children of the marriage, sought to have the child support amount increased fourteen months after the decree had been entered. *Id.* at 286. Ms. Etling stated that inflation had risen and the needs of the children had increased as they had aged. *Id.* The Eastern District found that where a short period of time has elapsed between the original decree and the filing of the motion to modify, the allegations must show an extraordinary change in circumstances in order to warrant modifications. *Id.* at 287. The court stated that expected and predictable increases are presumed to have been considered in the original award, and where little time has elapsed, "aging and inflation are entitled to little consideration as they are, respectively, inevitable and predictable." *Id.*

Mr. Watkins did not argue for a reduced child support amount based on inevitable or predictable factors affecting his ability to pay. He asked for a reduction based upon his decreased income. The trial court correctly used the "substantial change of circumstances" standard. Section 452.370.1 RSMo Supp.1991. Point (2) is denied.

### 3. *Day Care Costs*

■ As point (3), Ms. Watkins contends the trial court erred in failing to include the cost of day care in the presumed child support calculation because the cost was a reasonable work-related expense and Rule 88.01 requires its inclusion. The trial court found that no work-related costs were incurred by Ms. Watkins in the three months prior to the modification hearing, and, therefore, those costs did not need to be included in the child support calculation.

■ Rule 88.01 requires the use of Civil Procedure Form 14 in calculating child support. Form 14 expressly provides for allocation of the custodial parent's reasonable work-related child care costs. The terms of Rule 88.01 are mandatory, and courts must either award child support in conformity with the result obtained by using Form 14 or make a finding on the record that an award of such an amount is unjust or inappropriate. *Hamilton v. Hamilton,* 817 S.W.2d 937, 939 (Mo.App.1991); *Campbell v. Campbell,* 811 S.W.2d 504, 506 (Mo. App.1991).

■ In this case, the court did not fail to include Ms. Watkins' work-related child care costs, but rather, found that there were no child care costs to include. The scope of review of the court's finding in this court-tried civil case is as defined in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976):

> [T]he decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.

*Id.*

Ms. Watkins testified at the modification hearing that she had not hired someone to care for the children while she worked dur-

ing the summer prior to the hearing. She stated that sometimes her mother or sister looked after the children, but "not very often," and that most of the time the children were at home alone until she returned home from work. However, Ms. Watkins argues that if Mr. Watkins had paid the total portion of his child support obligation she would have been able to hire necessary day care services for the children.

The parties stipulated that Mr. Watkins had failed to pay the amount ordered as child support for any month except June since the judgment of dissolution was entered. The total arrearage for child support and maintenance for the four months was $1,940.00. The amount paid by Mr. Watkins for August was $300.00 less than the amount required by the court's September 10, 1991, order which reduced the amount of child support required by the original judgment.

Ms. Watkins demonstrated the need for work-related child care. Ms. Watkins' secretarial job at a real estate office four and a half days per week precluded her return home until 6:30 or 7:00 p.m. each weekday evening. She also worked Saturday mornings. The ages of the children, Ms. Watkins' necessary absence from the children during the hours her job demanded her presence, the absence of any continued available family baby-sitting or child care during those hours, and Ms. Watkins' lack of funds to pay for child care because of Mr. Watkins' failure to pay a reasonable amount as child support during the three months before the modification hearing does not support the trial court's finding. Mr. Watkins' failure to pay Ms. Watkins a reasonable amount for child support precluded Ms. Watkins from obtaining the work-related day care for the minor children contemplated in the original decree. The trial court erroneously applied the law by failing to consider as a factor Ms. Watkins' reasonable work-related child care costs when calculating the appropriate child support award contemplated by Form No. 14.

The judgment is affirmed in part and reversed in part. That portion of the trial court's judgment reducing the amount of child support from $280.00 per month per child to $175.00 per month per child is reversed. The judgment is affirmed in all other respects. The case is remanded with directions that the trial court consider as an additional factor the need for work-related child care of the minor children in the custody of Ms. Watkins in reassessing the child support obligation of the parties.

All concur.