Christianna Nicole HENDERSON,
Petitioner,

v.

Kelvin Bernard HENDERSON,
Respondent.

No. ED 98357.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 26, 2012.

Kevin Lake, Clayton, MO, for petitioner.

Jonathan D. Marks, St. Louis, MO, for respondent.

SHERRI B. SULLIVAN, J.

*Introduction*

Christianna Nicole Henderson (Wife) appeals from the trial court's judgment finding Kelvin Bernard Henderson (Husband) not in contempt for failing to pay marital debt assigned to him in the Decree of Dissolution (Decree) and the debt partially dischargeable in bankruptcy. Husband cross-appeals with regard to the trial court's monetary award in Wife's favor representing a redistribution of the marital debt. We reverse and remand.

*Factual and Procedural Background*

On November 4, 2010, the trial court entered the Decree dissolving the parties'

marriage. The Decree awarded the parties joint legal and physical custody of their two minor children and ordered Husband to pay Wife $713 a month in child support. Neither party was awarded maintenance.

A Marriage Settlement and Separation Agreement (Agreement) drafted by the parties was incorporated into the Decree. The Agreement provided that Wife was to receive title to the marital home and would remove Husband's name from the mortgage within six months of the dissolution and that Husband would convey his interest in the property to Wife and would sign any papers required for such purpose. At the time of the dissolution the parties owed $26,932 in marital debt, including $8,532 in credit card debt and $18,400 on a U.S. Bank Premiere Line of Credit (Line of Credit). The trial court ordered each party to pay one-half of the marital debt or approximately $13,466. To effectuate this division and equalize the parties' responsibility for the marital debt, the court ordered Wife to pay the credit card debt; gave Wife a credit of $231 for unreimbursed medical expenses for the children; ordered Husband to pay the entirety of the Line of Credit; and reduced Husband's child support obligation by $200 per month for 24 months. The Decree specifically provided that "Neither party may discharge any of the above debts in bankruptcy without the express written consent of the other."

The Decree further provided that each party would be responsible for the debts assigned to them; to indemnify and hold harmless the other from all claims and liabilities; and to reimburse the other for all expenses incurred, including a reasonable attorney's fee, due to a party's failure to pay or otherwise satisfy the specific debts and liabilities assumed by him or her. The Decree further provided that the obligations contained therein were to be considered as not dischargeable in bankruptcy and that, in the event of a breach of the agreement, the non-breaching party would recover a reasonable sum for the costs incurred for pursing his or her legal remedies, including attorney's fees.

On April 15, 2011, Husband filed a Chapter 7 bankruptcy petition including the Line of Credit debt in the United States Bankruptcy Court for the Eastern District of Missouri. On July 26, 2011, Husband was granted his bankruptcy discharge.

On August 29, 2011, Wife filed her Petitioner's Motion to Cite and Punish Respondent for Contempt for seeking a discharge of the Line of Credit debt through Chapter 7 bankruptcy and for failing to sign a quitclaim deed as ordered by the court in the Decree. In her motion, Wife alleged that Husband listed the Line of Credit in his bankruptcy petition as a debt from which he was seeking relief and that U.S. Bank was now attempting "collection activity to collect the debt on the Line of Credit from Wife." Wife alleged that Husband's repeated and continuing failure to pay the Line of Credit, intentional bankruptcy filing, and refusal to cooperate in the signing of the necessary documents relating to the marital home had at all relevant times been knowing, willful, malicious, contumacious and a violation of the terms of the court's judgment. Wife alleged that Husband had a present ability to pay the Line of Credit and to indemnify and hold her harmless from any liability thereon; or had intentionally and knowingly placed himself in a position where he is unable to pay the Line of Credit in accordance with the terms of the Decree. Wife alleged that, as a consequence of Husband's failure to pay the Line of Credit and intentionally seeking to discharge his obligation in bankruptcy, Wife has been

caused to incur attorney's fees and costs in connection with the contempt proceeding. Wife requested, among other things, that the court order Husband to sign all documents necessary to convey the marital home to Wife and to comply with the terms of the Decree by removing the Line of Credit from his bankruptcy petition and award Wife her reasonable attorney's fees incurred in connection with the motion.

On October 3, 2011, Husband filed his Respondent's Motion to Dismiss Petitioner's Motion to Cite and Punish Respondent for Contempt, asserting that Wife had notice of the listing of the Line of Credit for discharge and did not file a complaint objecting to the discharge or a proof of claim in Husband's bankruptcy case. Husband argued that Wife waived her right to object to his discharge of the Line of Credit and to any liability owing to her by failing to act in his bankruptcy case. Husband indicated that he was willing to execute a quit claim deed transferring his interest in the marital home to Wife.

The matter was submitted to the court on the record. On December 13, 2011, the court issued its Judgment and Order. The court found that, pursuant to the Agreement incorporated into the Decree, Husband was to pay the Line of Credit, and that the judgment requires the parties to indemnify and hold harmless the other with regard to the debts assigned to them and that neither discharges their obligations in bankruptcy. The court found Husband filed for bankruptcy in April 2011 and listed the Line of Credit debt in his bankruptcy. To the extent that Husband's child support obligation was temporarily reduced to equalize the division of the marital debt, the court found that portion of the Line of Credit to be a domestic support obligation exempt from discharge pursuant to 11 U.S.C. 523(a)(5). The court held Husband was obligated to pay Wife $4,800 in domestic support and an additional $4,800 to equalize the marital debt distribution. The court held that "[t]he balance due to U.S. Bank is not owed by [Husband] to [Wife] or to the U.S. Bank." The court found Husband was not in contempt as it related to the Line of Credit because of "the legitimate legal issue" but found Husband in contempt for failing to execute a quit claim deed on the marital home. The court awarded Wife $750 for attorney's fees incurred in an effort to enforce the terms of the Decree.

Wife appeals and Husband cross-appeals.

### Points Relied On—Wife's Appeal

In her first point on appeal, Wife argues the trial court erred by failing to apply the exception to discharge provision under 11 U.S.C. Section 523(a)(15) of the U.S. Bankruptcy Code and erroneously finding the Line of Credit debt to be dischargeable in a Chapter 7 bankruptcy, because after enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA), financial obligations of spouses ordered in a marital separation agreement and made part of the dissolution judgment are no longer dischargeable by debtors filing a Chapter 7 bankruptcy, even when such obligations are not considered to constitute a domestic support obligation.

In her second point on appeal, Wife argues the trial court erred in ruling that the Line of Credit debt was dischargeable in Husband's Chapter 7 bankruptcy because such a ruling ignores and renders meaningless its orders in the Decree that Husband indemnify and hold Wife harmless for liability on the Line of Credit, that Husband not discharge the Line of Credit debt in bankruptcy without the express prior written consent of Wife, and that the parties each pay one-half of the marital

debt, thereby creating great imbalance and inequity in the Decree.

In her third point on appeal, Wife argues the trial court erred in failing to award Wife her expenses incurred, including reasonable attorney's fees, for Husband's failure to indemnify Wife and hold her harmless on the Line of Credit, and in direct violation of the clear language contained in the Dissolution Judgment.

### Points Relied On—Husband's Cross–Appeal

In his first point on cross-appeal, Husband argues the trial court erred in ordering him to pay to Wife the sum of $9,600, representing a share of the Line of Credit debt, because the trial court lacked the authority to grant Wife relief, in that once the trial court in a civil contempt proceeding finds the alleged contemnor not in contempt with respect to a particular obligation, the trial court at that point may only enter a judgment denying the relief requested by the movant with respect to that particular obligation.

In his second point on cross-appeal, Husband argues the trial court erred in ordering him to pay to Wife the sum of $9,600, representing a share of the Line of Credit debt, because the trial court lacked the authority to grant Wife the relief ordered, in that Sections 452.330.5 and 452.360.2 RSMo 2006 prohibit a trial court from modifying the allocation of debt in a final judgment of dissolution.

In his third point on cross-appeal, Husband argues the trial court erred in ordering him to pay Wife the sum of $9,600, representing a share of the Line of Credit debt, because the underlying assumption of the monetary judgment—that Wife suffered actual damages as a result of the Bankruptcy Court discharging the debt— is against the weight of the evidence, in that Wife failed to prove she suffered actu-
al financial harm, a necessary predicate to a prima facie case of contempt.

### Standard of Review

On appeal, we will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Walters v. Walters,* 181 S.W.3d 135, 138 (Mo.App. W.D.2005). This court views the evidence in the light most favorable to the decision and disregards contradictory evidence. *Zalmanoff v. Zalmanoff,* 862 S.W.2d 941, 944 (Mo.App. E.D.1993). This Court will not disturb a trial court's judgment in a civil contempt proceeding absent an abuse of discretion. *Walters,* 181 S.W.3d at 138.

### Discussion

On appeal, Wife challenges the trial court's findings with regard to the dischargeability of the Line of Credit and attorney's fees and Husband challenges the court's monetary award in Wife's favor based on the court's alleged lack of authority and Wife's failure to make a prima facie case of contempt. The parties ultimately presented the trial court with two legal issues, whether the Line of Credit was a dischargeable debt under the U.S. Bankruptcy Code and whether Husband was in contempt. In light of the trial court's findings and award, both of these issues will be addressed but analyzed separately. Due to the interconnection of these issues in the court's judgment and in the parties' points on appeal, we will address the parties' points, to the extent necessary, within our analysis of the two overarching issues as opposed to individually and numerically.

### Whether the Line of Credit is Dischargeable in Bankruptcy

During the contempt proceeding, the parties presented the trial court with the

question of whether the Line of Credit was a dischargeable debt under the U.S. Bankruptcy Code.

The trial court found the Line of Credit was a domestic support obligation to the extent that Husband's child support obligation was reduced by $4,800 and that such portion was exempt from discharge pursuant to 11 U.S.C 523(a)(5). Based upon this finding, the court held Husband was obligated to pay Wife $4,800 in domestic support and an additional $4,800 to equalize the marital debt distribution. The court held that "[t]he balance due to U.S. Bank is not owed by [Husband] to [Wife] or to the U.S. Bank." The trial court only made a finding as to the exception to discharge under 11 U.S.C. 523(a)(5) and did not make a finding as to the application of 11 U.S.C. 523(a)(15).

Husband filed for bankruptcy under Chapter 7 of the U.S. Bankruptcy Code. Section 523(a), as amended by the BAPCPA of 2005, provides, in pertinent part:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

...

(5) for a domestic support obligation; ... [or]

(15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. 523(a), (15).

■ Prior to BAPCPA, Section 523(a)(15) permitted the discharge of non-support obligations owed to a former spouse only under certain circumstances. *In re Tarone*, 434 B.R. 41, 48 (Bankr. E.D.N.Y.2010). To discharge these debts under the prior law, a court was required to determine that the debtor did not have the ability to repay the obligation and that the discharge of the debt would yield a benefit to the debtor that outweighs the detriment of the discharge to the former spouse or child of the debtor. *Id.* "However, under BAPCPA, all debts owed to a spouse, former spouse, or child of a debtor are nondischargeable if incurred in the course of a divorce proceeding, notwithstanding the debtor's ability to pay the debt or the relative benefits and detriments to the parties." *Id.*

"Section 523(a)(15) provides, unqualifiedly, that a property settlement obligation encompassed by section 523(a)(15) is nondischargeable. Thus, in individual cases under [Chapter 7] ... the distinction between a domestic support obligation and other types of obligations arising out of a marital relationship is of no practical consequence in determining the dischargeability of the debt." 4 Collier on Bankruptcy, ¶ 523.20 at 523–58 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.).

■ The trial court erred in finding that the Line of Credit was only partially nondischargeable as a domestic support obligation. The record indicates that the Line of Credit was an obligation incurred by Husband in the course of a dissolution and in connection with a separation agreement and decree of dissolution. As such, the Line of Credit is nondischargeable pursuant to Section 523(a)(15).[1]

---

1. We need not address the propriety of the trial court's determination of whether a portion of the debt is a domestic support obligation pursuant to Section 523(a)(5) because, ultimately, even if this finding was in error and is not a true domestic support obligation,

■ Notably, the fact that the obligation is payable to U.S. Bank and not Wife does not remove the debts from the scope of Section 523(a)(15). The requirement of Section 523(a)(15) that the debt be owed to a former spouse is met so long as the debts are payable for the former spouse's benefit. *In re Tarone*, 434 B.R. at 49. Here, Wife benefits from Husband's payment of the Line of Credit as it was a marital debt and Wife alleged in her Motion for Contempt that U.S. Bank was attempting to collect the debt from her.

Based on the foregoing, this Court finds the Line of Credit is not dischargeable by Husband in bankruptcy and the trial court's judgment is reversed in this regard. Wife's Point I is granted. In light of our finding on this point, this Court need not consider Wife's Point II, which is denied as moot.

### Contempt

Husband argues throughout his brief that the trial court erred in entering a monetary judgment in Wife's favor because (1) Wife failed to establish a prima facie case of contempt and/or (2) the court found that Husband was not in contempt. This Court's reversal based on the issue of dischargeability of the Line of Credit should resolve some of the collateral issues with the judgment. We briefly address the issue of contempt, however, to assist the trial court upon remand for reconsideration of the issues of contempt and attorney's fees in light of this Court's rulings.

■ To make a prima facie case for civil contempt, Wife had to prove: (1) Husband's obligation to perform a specific act under the decree; and (2) Husband's failure to meet the obligation. See *Walters*,

the entire debt is nondischargeable pursuant to Section 523(a)(15). See *In re Tarone,* 434

181 S.W.3d at 138. Once a prima facie case is established, the contemnor bears the burden of proving his inability to perform and showing that his noncompliance was not an act of contumacy. *Watkins v. Watkins*, 839 S.W.2d 745, 747 (Mo.App. W.D.1992). We will not disturb a trial court's ruling of civil contempt unless the ruling is a clear abuse of discretion. *Id.*

■ Here, Wife made a prima facie case of Husband's contempt of the Decree. The parties do not dispute the essential facts that (1) Husband had an obligation to pay the Line of Credit under the Decree and was ordered not to seek a discharge of the debt in bankruptcy; and (2) Husband did not pay the Line of Credit debt and did, in fact, seek a discharge of this debt in bankruptcy.

■ A prima facie case of contempt having been made, Husband then had the burden of proving his inability to perform and show that his noncompliance was not an act of contumacy. *Watkins*, 839 S.W.2d at 747. Wife specifically alleged (1) Husband had a present ability to pay the Line of Credit and to indemnify and hold her harmless from any liability thereon or had intentionally and knowingly placed himself in a position where he was unable to pay the Line of Credit in accordance with the terms of the Decree and (2) Husband's actions of failing to pay the Line of Credit and attempting to discharge the debt in bankruptcy were knowing, willful, malicious, contumacious and a violation of the terms of the Court's judgment. The record before this Court indicates Husband provided no substantive response to Wife's allegations in the Motion for Contempt and instead relied exclusively on the argument that Wife had waived her right to complain

B.R. at 49.

by failing to take action in the bankruptcy court. This argument is an insufficient rebuttal to Wife's prima facie showing of Husband's contempt.

■ Furthermore, we reject Husband's contentions that the trial court implicitly made a finding that he lacked the ability to pay the debt based on the court's failure to make an explicit finding on this issue coupled with the court's finding that Husband was not in contempt. In denying Wife's requested relief as to the Line of Credit debt, the trial court specifically stated that it was finding Husband was not in contempt of the Decree due to the "legitimate legal issues" therein, that being whether the Line of Credit was dischargeable under the U.S. Bankruptcy Code. Thus, the court based its finding of non-contempt on its legal conclusion regarding the bankruptcy issue and it is unclear from the judgment whether the court ever considered Husband's ability to pay.

Based on the foregoing, Husband's Points I, II, and III are denied and Wife's Point III is granted in part.

### Conclusion

The trial court erred in applying the law with respect to the dischargeability of the debt. The judgment is reversed and the cause remanded to the trial court for reconsideration of the issues of contempt and Wife's reasonable attorney's fees.

CLIFFORD H. AHRENS, P.J., and GLENN A. NORTON, J., concur.