M.L.R., by her Next Friend, Karanda Rochelle Ruark, and, Karanda Rochelle Ruark, Individually, Petitioner–Appellant,

v.

Justin Lee JONES, Respondent–Respondent.

No. SD 32904.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 1, 2014.

W. Henry Johnson, Neosho, MO, for Appellant.

Justin Lee Jones, Murfreesboro, TN, for Pro se Respondent.

MARY W. SHEFFIELD, P.J.

In this paternity case, Karanda Rochelle Williams ("Mother") appeals the trial court's amended judgment of modification entered on May 22, 2013. In her sole point on appeal, Mother argues the trial court erred in completing its Form 14 calculation. We agree. Consequently, the case is reversed and remanded for further proceedings.

### Standard of Review

The decision of the trial court will be affirmed as long as it is "supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law." *Nelson v. Nelson,* 195 S.W.3d 502, 510 (Mo.App. W.D.2006). Evidence must be reviewed in the light most favorable to the trial court's decision. *Llana v. Llana,* 121 S.W.3d 286, 292 (Mo.App.W.D.2003).

### Factual and Procedural Background

Child was born to Mother and Justin Lee Jones ("Father") in 2008. The state subsequently initiated paternity proceedings. Father contested paternity and requested genetic testing be performed. Father did not appear at the hearing so the trial court had no information concerning his income, and in the November 2009 paternity order Father was not awarded any visitation, but was required to pay $156 per month in child support.

In March 2012, Father filed a motion to modify the paternity judgment seeking joint legal custody and joint physical custody. Mother filed a counter claim to increase the amount of child support. A hearing was held April 17, 2013. Mother and Father were the sole witnesses. Father testified he did not currently have any other children, but his current wife was pregnant, and the baby was due on August 20. Mother stated she currently resided with her new husband and worked at Lowe's twenty to thirty hours a week. Mother had a younger child with her current husband. She stated she spent $15 per day on child care for Child. Nevertheless, Mother admitted Child would begin kindergarten in the fall so there would be

no need for child care after that point in time.

After ruling on Mother's timely-filed after-trial motion, the trial court entered an amended judgment of modification on August 6, 2013. In the amended judgment, the trial court granted Father's request for joint physical and legal custody with Mother's address as the Child's residence for mailing and educational purposes. The trial court prepared its own Form 14. That Form 14 was calculated using Mother's gross income as $1,035 and Father's as $3,000. In Line 2(c)(i) for Father, the trial court entered the number zero (o). In Line 2(c)(ii) for Father, the trial court then entered $595. The trial court did not include a Line 6(a) adjustment for Mother's work-related childcare costs. Finally, the trial court performed a Line 11 adjustment for overnight stays. The presumed child support based on these figures was $470. The trial court found the presumed child support amount was not unjust or inappropriate and ordered Father to pay $470 per month in child support. Mother appeals.

### Discussion

Mother presents a sole point on appeal, i.e., that the trial court's Form 14 calculation was not correct, but articulates three separate reasons in support of that point: (1) the trial court erred in entering $595 in Form 14 Line 2(c)(ii) for Father; (2) the trial court's decision to not include a Form 14 Line 6(a) adjustment for work-related childcare costs was not supported by substantial evidence; and (3) the trial court erred in allowing Father a Form 14 Line 11 adjustment for overnight visitation.[1] For the reasons which follow, we agree

with the arguments raised in Mother's first and third sub-points, but disagree with her argument in sub-point II.

### General Applicable Law

In child support calculations, courts are required first to record the mathematical calculation of the presumed child support amount in accordance with Form 14 and second to determine whether that amount is unjust or inappropriate, considering all relevant factors. *Woolridge v. Woolridge*, 915 S.W.2d 372, 379 (Mo.App.W.D.1996). Courts are permitted to either adopt a Form 14 of the parties or create their own. *Id.* at 380. When the trial court calculates its own Form 14, it has discretion as to the proper amounts to be included in the calculation in accordance with the Form 14 directions. *Elliott v. Elliott*, 920 S.W.2d 570, 575 (Mo.App.W.D. 1996). "We review a circuit court's Form 14 calculation 'to ensure the calculation was done accurately from a mathematical standpoint and that the various items and their amounts were included in the calculation and supported by substantial evidence.'" *Heckman v. Heckman*, 422 S.W.3d 336, 340 (Mo.App.W.D.2013) (quoting *Lagermann v. Lagermann*, 109 S.W.3d 239, 245 (Mo.App.E.D.2003)).

### Sub–Point I: Line 2(c) Adjustment

In her first sub-point, Mother argues the trial erred in including a $595 credit for Father in Line 2(c)(ii) of its Form 14. We agree.

Generally speaking, "[t]he trial court must reject any Form 14 if any item is incorrectly included in the calculation, an amount of an item included in the calcu-

---

1. Although Mother's point relied on is multifarious, thus violating Rule 84.04, Missouri Court Rules (2013), and preserving nothing for review, we choose not to deny the point on that basis because we believe we can discern the nature of her complaint so the deficiencies of the point do not impede review on the merits. *Keller v. Keller*, 224 S.W.3d 73, 79 (Mo.App.S.D.2007).

lation is incorrect, or the mathematical calculation is incorrect." *Samples v. Kouts,* 954 S.W.2d 593, 597 (Mo.App.W.D. 1997). In Line 2(c), Form 14 "provides for an adjustment to the gross income for other children who are not part of the current proceeding for which a party has primary physical custody[.]" *Cross v. Cross,* 318 S.W.3d 187, 195 (Mo.App.W.D. 2010); *see also* Civil Procedure Form No. 14, DIRECTIONS, COMMENTS FOR USE AND EXAMPLES FOR COMPLETION OF FORM NO. 14 ("Directions"), Missouri Court Rules (2013). Line 2(c) has three parts: part (i) asks for the number of other children in the parents' custody; part (ii) instructs that the credit for the other children be subtracted; and part (iii) requires addition of any sum received as support for other children.

■ In the present case, the trial court determined Father did not have custody of any child who was not a part of the proceedings as shown by its decision to enter zero (*o*) in Line 2(c)(i). Thus, the amount entered in Line 2(c)(ii) should have been zero (*o*). Nevertheless, the trial court mistakenly entered $595 in Line 2(c)(ii). Consequently, the $595 item in Line 2(c)(ii) was incorrectly included in the calculation.

The trial court erred in its Line 2(c) calculation. Mother's first sub-point is granted.

### *Sub–Point II: Line 6(a) Work Related Childcare Credit*

Next, Mother argues the trial court's decision to not include work-related childcare costs based on Mother's employment was not supported by substantial evidence. This argument is without merit because it ignores evidence favorable to the trial court's determination.

"Substantial evidence is evidence that, if believed, has some probative force on each fact that is necessary to sustain the circuit court's judgment." *Ivie v. Smith,* 439 S.W.3d 189, 199, No. SC93872, 2014 WL 3107448, op. at 14 (Mo. banc July 8, 2014). In determining whether there is substantial evidence to support a trial court's judgment "no contrary evidence need be considered[.]" *Id.* at 15, 439 S.W.3d at 200. For this reason, when a party fails to identify the evidence favorable to the trial court's determination, the party's argument that the judgment was not supported by substantial evidence "lacks any analytical or persuasive value." *J.A.R. v. D.G.R.,* 426 S.W.3d 624, 631 n. 12 (Mo. banc 2014).

■ "Form 14 expressly provides for allocation of the custodial parent's reasonable work-related child care costs." *Harrison v. Harrison,* 871 S.W.2d 644, 646 (Mo.App.S.D.1994) (quoting *Watkins v. Watkins,* 839 S.W.2d 745, 748 (Mo.App. W.D.1992)). However, the Directions further state "work-related childcare costs of the parent entitled to receive support may be excluded from calculation of the presumed child support amount if an event that will significantly affect the amount paid for work-related childcare by the parent entitled to receive support, such as a child's entry into school, will occur predictably within a short period of time." Directions, Line 6(a), Missouri Court Rules (2013).

■ Mother's testimony at trial was favorable to the trial court's determination on this issue. At trial, Mother stated Child would begin school full time in August. When questioned further by Father's attorney, she admitted that when Child began school there would no longer be a need for day care. This constitutes substantial evidence showing an event that would significantly affect the amount paid for work-related childcare would soon occur. Furthermore, Mother's argument

fails to mention this testimony. Consequently, her argument on this issue is without persuasive value. *J.A.R.*, 426 S.W.3d at 631 n. 12.

The trial court did not err in deciding not to include an amount for work-related child care expenses. Mother's second subpoint is denied.

### Sub–Point III: Line 11 Overnight Allowance

Finally, Mother argues the trial court erred in awarding Father a Line 11 adjustment for overnight visitation. We agree.

 "As explained in the directions and comments to Form 14, Line 11, a parent obligated to pay support generally is entitled to an adjustment based on the number of overnight periods of custody exercised by that parent per year." *In re Marriage of Adams*, 414 S.W.3d 29, 34 (Mo.App.S.D. 2013). This credit is not available unless the parent receiving support has a certain minimum income; in the case of one child, that minimum income is $1,350 per month. Directions, Line 11, Missouri Court Rules (2013).

In the present case, both parties used $1,035 as the amount of Mother's monthly gross income in their Form 14 calculations. There was no evidence in the record showing any other figure for Mother's monthly gross income. Because Mother's monthly gross income is less than $1,350, Father was not entitled to a credit for overnight visitation. *See Adams*, 414 S.W.3d at 34–35.

Mother's final sub-point is granted.

### Decision

The trial court's modified judgment is reversed and remanded for recalculation of the Form 14 with respect to Line 2(c) and Line 11. In all other respects, the trial court's judgment is affirmed.

NANCY STEFFEN RAHMEYER, and GARY W. LYNCH, JJ., concur.