

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

IN THE MATTER OF: )
)
M.D.P.-W., a Minor, by B.N.W., as )
Next Friend, and B.N.W., )
) WD86394
Respondents, )
) OPINION FILED:
v. ) February 6, 2024
)
)
M.P., )
)
Appellant. )

**Appeal from the Circuit Court of Clay County, Missouri**
**The Honorable Alisha D. O'Hara, Judge**

**Before Division Three:** Mark D. Pfeiffer, Presiding Judge, and
Lisa White Hardwick and W. Douglas Thomson, Judges

M.P. ("Mother") appeals from the judgment entered by the Circuit Court of Clay

County, Missouri ("trial court"), following a bench trial, establishing paternity, custody, a

parenting plan, and child support. On the record before us, because we cannot discern

that the trial court considered all mandatory items in its Form 14 calculation, we reverse

and remand for further proceedings consistent with our ruling today.

Mother began a romantic relationship with B.W. ("Father") while he was stationed at Fort Leavenworth, Kansas. They never married, and their relationship ended in May 2020 when Father was transferred to a military base in Germany. Father subsequently visited Mother in Kansas City while on leave; a child ("Child") was born nine months after the visit—in September of 2021. Child resided with Mother (with Father receiving some parenting time during the pendency of the underlying proceeding) prior to the trial court's judgment.

On June 23, 2022, Father filed a petition seeking a declaration of paternity,[2] custody, and support. In October of 2022, Father married a woman he met in Germany, and in the same month, Father was transferred to Fort Polk, Louisiana, where he now resides with his wife and five-year-old stepdaughter.

To aid the trial court's determination on retroactive child support, Mother submitted a total of six Form 14s requesting retroactive child support: she split her retroactive request into three different time periods to reflect intervening changes to her circumstances and provided two different calculations for each time period—one set with a credit for Father's past unreimbursed parent-time travel expenses and the other set

---

[1] "In the appeal of [a] bench-tried case, the appellate court views the facts in the light most favorable to the trial court's judgment." *Hampton v. Llewellyn*, 663 S.W.3d 899, 901 n.1 (Mo. App. W.D. 2023) (alteration in original) (internal quotation marks and citation omitted).

[2] The parties stipulated to Father's paternity.

without the credit. On all six forms, Mother claimed her reasonable work-related childcare costs were $900.

At trial, Mother testified that she has paid and currently pays $900 per month to a childcare provider—even when Child is not under Mother's care.[3] The trial court accepted Mother's retroactive Form 14 calculations that credited Father's travel expenses—including the $900 in childcare expenses—and awarded her $6,996 in retroactive child support.

Ultimately, however, the trial court awarded joint legal custody of child with each parent sharing physical custody of Child equally—with the parenting plan dictating that the parties will essentially alternate physical custody of Child every other month. Though the parties had each sought different custody and parenting plans than the trial court's ruling, the parties do not appeal the trial court's judgment as to custody or the corresponding parenting plan. The only issue on appeal is with the trial court's calculation of child support for the prospective time period after the judgment was entered in May of 2023.

Since the trial court did not award custody in accordance with the proposed custody and parenting plans submitted by both Mother and Father, the trial court rejected their submitted Form 14s. Instead, the trial court used its own Form 14. Based upon the trial court's 50/50 split of physical custodial time between the parents, the trial court announced in its judgment that, "Each parent shall pay any/all daycare expenses incurred

---

[3] Mother testified these payments were necessary to hold Child's spot on the childcare provider's roster.

3

by him/her in association with daycare needed during his/her parenting time." However, as to those daycare expenses, the trial court also stated, "No childcare expenses will be included in the child support calculation."

Thus, on the trial court's Form 14, the trial court entered "0" both for line 6a, "reasonable work-related child care costs of the parent receiving support" and for line 6b, "reasonable work-related child care costs of the parent paying support." Using this Form 14, the trial court determined the presumed correct child support amount to be $456. The trial court further found this amount not unjust or inappropriate under the circumstances and ordered Father begin making payments on May 1, 2023.

Mother timely filed a motion for rehearing or, alternatively, to amend the judgment, challenging in part the trial court's exclusion of work-related childcare expenses from its Form 14. The motion was denied. Mother timely appealed.

On appeal, Mother asserts three points in which she claims the trial court's judgment erroneously applies the law and, alternatively, that the judgment is either unsupported by sufficient evidence or is against the great weight of the evidence. We agree that the judgment—particularly the trial court's Form 14—erroneously applies the law and we reverse the trial court's judgment with instructions.

**Standard of Review**

"Our review of . . . [the] award of child support is essentially one of the trial court's application of the two-step [*Woolridge v. Woolridge*, 915 S.W.2d 372, 379 (Mo. App. W.D. 1996)] procedure, applying the standard enunciated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)." *Beermann v. Jones*, 524 S.W.3d 545, 549 (Mo. App.

W.D. 2017) (internal quotation marks omitted). "Thus, we review the award in light of the circuit court's application of the two-step procedure." *Id*. "Step one is a mathematical calculation the mandatory use of which insures that the child support guidelines will be considered in every case as mandated in § 452.340.7 and Rule 88.01." *Woolridge*, 915 S.W.2d at 379. At step two, the trial court determines whether the proposed Form 14 amount "is unjust or inappropriate, considering all relevant factors," *M.L.R. v. Jones*, 437 S.W.3d 404, 406 (Mo. App. S.D. 2014) (citing *Woolridge*, 915 S.W.2d at 379).

"When determining the correct amount of child support, the court can either accept or reject the parties' Form 14 calculations." *Heckman v. Heckman*, 422 S.W.3d 336, 340 (Mo. App. W.D. 2013). "[I]n determining whether to 'reject' a Form 14 amount as not being correctly calculated, the trial court only considers Form 14 worksheet factors . . . and does not take into consideration non-Form 14 factors." *Nelson v. Nelson*, 195 S.W.3d 502, 510 (Mo. App. W.D. 2006).

"[T]he decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Watkins v. Watkins*, 839 S.W.2d 745, 748 (Mo. App. W.D. 1992) (quoting *Murphy*, 536 S.W.2d at 32)).

**Analysis**

"Rule 88.01 requires the use of Civil Procedure Form 14 in calculating child support." *Watkins*, 839 S.W.2d at 748. "The terms of Rule 88.01 are mandatory, and

5

courts must either award child support in conformity with the result obtained by using Form 14 or make a finding on the record that an award of such an amount is unjust or inappropriate." *Id*. "Necessary child-care expenses required by the custodial parent who is working or attending school must be considered in determining a child support award." *Langston v. Langston*, 615 S.W.3d 109, 118 (Mo. App. W.D. 2020) (internal quotation marks omitted) (quoting *Stufflebean v. Stufflebean*, 941 S.W.2d 844, 847 (Mo. App. W.D. 1997)).

Here, the Judgment stated, "[e]ach parent shall pay any/all daycare expenses incurred by him/her in association with daycare needed during his/her parenting time." Clearly, this wording presumes each parent *will* incur necessary childcare costs during his or her custodial time.[4] *See, e.g.*, *In re Marriage of Douglas*, 870 S.W.2d 466, 470-71 (Mo. App. S.D. 1994) (holding a divorce decree stating that a custodial father should pay the custodial mother "one-half of the amount of child care expense incurred . . . for work related child care" presumed necessary childcare expenses that warranted consideration in the Form 14). Yet, without explanation, the trial court entered "0" for lines 6a and 6b of Form 14, the reasonable work-related childcare costs of the parent receiving support and the parent paying support, respectively. Without findings as to why no childcare cost was included for lines 6a and 6b, we cannot discern whether the trial court considered

---

[4] Because Point I independently requires reversal, we need not and do not address Points II and III of Mother's appeal, as those points are presented as alternative bases for reversal of the trial court's Form 14 calculation as it relates to childcare costs.

6

such costs in determining child support. *See Langston*, 615 S.W.3d at 118 (noting the trial court must *consider* childcare costs in calculating its Form 14).

We acknowledge that in the Directions, Comments for Use and Examples for Completion of Form No. 14, the Supreme Court has included matters which the trial court may consider in determining child support. Specifically, for our purposes, Comment A to Lines 6a and 6b of Form 14 states:

> It is preferable to include the reasonable work-related child care costs of the parent entitled to receive support in the calculation of the presumed child support amount.
>
> However, the work-related child care costs of the parent entitled to receive support may be excluded from calculation of the presumed child support amount *if an event that will significantly affect the amount paid* for work-related child care by the parent entitled to receive support, such as a child's entry into school, *will occur with predictability within a short period of time*. The parent obligated to pay support may not be ordered to pay *any* percentage of the reasonable work-related child care costs of the parent entitled to receive support without a finding by the court or administrative agency that the presumed child support amount is unjust or inappropriate.

(Emphasis added.)[5]

---

[5] In its current form, Comment A to lines 6a and 6b initially appeared in the Directions, Comments for Use and Examples for Completion of Form No. 14 in 2017. The first iteration of Comment A was implemented in 2003, prior to which no similar consideration was included in the directions and comments. Given that the Supreme Court did not include this comment in its directions and comments for use of Form 14 until 2003, cases prior to this date suggesting that trial courts are *required* to include work-related childcare costs in the Form 14 calculation are called into question. By way of example, and by no means intended to be an exhaustive list, in *Keller v. Keller*, 18 S.W.3d 589 (Mo. App. W.D. 2000), we stated "under the applicable Form 14 directions and comments, the trial court here was *required* to include any work-related child care costs . . . in its Form 14 calculation of the presumed child support amount, *assuming* that the trial court included in its calculation, as gross monthly income of the [parties], 'earned' . . . income, which necessitated . . . the incursion of the work-related child care

Such an "event" may very well be what the trial court considered here—where it presumed both parents have work-related childcare expenses during the every-other-month physical custody of Child awarded by the trial court in its parenting plan, or there may be another reason the trial court took such action.[6] Here, however, it is unclear whether after acknowledging both parties *would* incur childcare obligations, the trial court entered zero as each party's reasonable childcare cost or whether it considered that in a short period of time childcare costs would be significantly affected by its judgment as allowed for in the above-referenced Comment A. In a situation such as this, the trial court must make findings which explain *why* it entered daycare costs of zero when acknowledging both parties would *actually incur* daycare costs. The trial court did not fulfill its legal obligation here and we must, thus, reverse the judgment and remand for further proceedings consistent with today's ruling.

---

costs to be included." *Id.* at 597 (emphasis added). After the 2003 and 2017 Form 14 use modifications, the trial court may also consider the aforementioned Comment A.

We also acknowledge that in *Langston*, 615 S.W.3d at 118, we quoted *Stufflebean*, 941 S.W.2d 844, 847 (Mo. App. W.D. 1997), a pre-2003 case, in stating "Necessary child-care expenses required by the custodial parent who is working or attending school must be considered in determining a child support award." This statement of the law continues to be correct in that childcare expenses still must be *considered*. However, after 2003, though it is "preferable to include" childcare costs pursuant to Comment A, the trial court is granted deference to also consider events which will occur with predictability within a short period of time and their effect on childcare expenses.

[6] For example, in addition to the aforementioned comment for use of Form 14, the trial court was free to disbelieve Mother's testimony that she will continue to incur monthly childcare expenses of $900 in the six months of each year that Father has custody of Child or that the amount claimed by Mother is unreasonable. We offer no opinion on the evidence as to reasonable work-related childcare costs that, prospective to the judgment, may be incurred by the "parent receiving support" and the "parent paying support."

Accordingly, we grant Point I of Mother's appeal seeking our ruling that the trial court's judgment erroneously applied the law in its Form 14 calculation.

Upon remand, the trial court is specifically directed to enter findings which address why the court ordered each party to pay their own childcare expenses but did not include such expenses in its Form 14, or re-calculate its Form 14 taking into consideration any amounts it determines should reasonably account for lines 6a and 6b[7] childcare costs, or, if necessary, both. If, after doing so the trial court arrives at a Form 14 presumed child support amount that the trial court believes is inappropriate or unjust, the trial court shall document its reasoning for such finding.

In all other respects, the trial court's judgment is affirmed in its current form.

**Conclusion**

The trial court's judgment is reversed and remanded for further proceedings consistent with our ruling today.

_____
Mark D. Pfeiffer, Presiding Judge

Lisa White Hardwick and W. Douglas Thomson, Judges, concur.

---

[7] Mother argues that only *her* work-related childcare costs should be considered on remand since she is the only one that appealed the trial court's judgment. We disagree. The substance of the appeal is that the trial court erroneously applied the law as to its Form 14 calculation. Our ruling today substantiates that the trial court's judgment erroneously applies the law, but in *correctly* applying the law as it relates to Form 14, the remand instructions must require the trial court to do just that—follow the Form 14 directions as to work-related childcare costs in their entirety. And, should the trial court believe it necessary to receive additional evidence reflecting *actual* work-related childcare costs incurred by each parent subsequent to its judgment in May of 2023, we leave that to the discretion of the trial court.